## County Board of Union County v. David C. Short et al.

1. ELECTION DISTRICTS—*Power of the County Board to Change.*—The Board of Supervisors has no power to make changes in election districts, except at a regular or special meeting in the months of either July or August. It is powerless to do so at a meeting held in September.

2. STATUTES—*Rule of Construction.*—Where the terms of a statute are clear and precise, its sense manifest, and its consequences, upon a literal construction, not absurd or palpably unjust nor contrary to any imperative public exigency, it should be construed according to its plain and natural import.

**Certiorari,** to quash proceedings of the board of supervisors. Trial in the Circuit Court of Union County; the Hon. OLIVER A. HARKER, Judge, presiding. Hearing and proceedings quashed. Appeal by respondent. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

JAMES LINGLE, attorney for appellant.

DODD & PICKRELL, attorneys for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

Appellant's statement of the case is sufficiently full, substantially correct, and is as follows:

"The County Board of Union County, on the 20th of September, 1897, in response to a petition presented for that purpose, made an order altering the election precinct of Lick Creek, by detaching therefrom Sections 1, 11 and 12, and attaching the same to Rich precinct. On the 13th of October, 1897, appellees filed their petition for a writ of certiorari to bring up the record. The petition prays that the record may be quashed upon the single ground that the County Board made the alteration mentioned at a time unauthorized or prohibited by law. Appellant certified the record as required, and thereupon entered a motion to quash the writ, the motion to quash being based upon the sufficiency and legality of the record and the insufficiency of the petition. The cause was heard at the November term of the Circuit Court, when the motion of appellant to quash the writ was overruled, a finding that the County Board acted without authority, and an order made quashing the record; to all of which appellant duly excepted, and prosecutes this appeal to reverse the finding and order of the trial court."

The only question to be determined in this case is whether, on the 20th day of September, 1897, at a regular meeting of the County Board of Union County, it had power to change the boundaries of Lick Creek and Rich election precincts, in that county, by detaching from Lick Creek precinct three sections of land, upon which resided twenty-one legal voters, and attaching the same to Rich precinct.

Appellant contends that the County Board has such power that it might lawfully change the boundary of an election precinct at any time, and that its order so changing the boundaries of said precincts is valid.

Appellees contend that the County Board had no power to make such change at its September meeting, but only at a regular or special meeting in the months of either July or August, and that its order of September 20th, so changing the boundaries of said precincts, is void.

This controversy demands an examination of the statute concerning elections, especially of sections 29 and 30 of chapter 46, as now compiled in Hurd's Revision of 1895. To properly interpret a statute, all the legislation on the subject affected by it should be taken into consideration, and each section and each word, if susceptible thereof, be given such meaning as will make the whole effective and practicable.

The statute provides that the County Board shall, at its regular (or at a special) meeting in the month of July in each year, appoint in each election precinct or district, as the case may require, three election judges.

That at least thirty days prior to any general election, three notices of such election shall be posted in each precinct or district.

That three weeks prior to any State election the board of registration of each election district shall meet and register all legal voters in such district.

That at least ten days before the election is to be held, the county clerk shall deliver to the election judges in each precinct and district, poll books and other necessary elec-

County Board of Union County v. Short.

tion blanks, and it is provided in sections 29 and 30 as follows:

Section 29. "In counties not under township organization, the election precincts shall remain as now established until changed by the Board of County Commissioners, but said County Board may, from time to time, change the boundaries of election precincts and establish new ones. In counties under township organization, each town shall constitute an election precinct."

Section 30. "The County Board in each county shall, at its regular (or at a special) meeting in the month of July, 1895, respectively, divide its election precincts which contain more than four hundred and fifty votes into election districts, so that each district shall contain as near as may be practicable, four hundred voters, and not more, in any case, than four hundred and fifty. Said districts shall be composed of contiguous territory, and in as compact a form as can be for the convenience of electors voting therein. The several County Boards, in establishing said districts, shall describe them by metes and bounds and number them. And so often thereafter as it shall appear by the number of votes cast at the general election, held in November of any year, that any election district, or undivided election precinct, contains more than four hundred and fifty, the County Board of the county in which such district or precinct may be, shall at its regular (or at a special) meeting in the month of July next after such November election, re-divide or re-adjust the election districts or divide such election precincts, so that no district or undivided election precinct shall contain more than the number of votes above specified. If said division or re-adjustment is not made at such July meeting, it may be made at an adjourned or special meeting of said County Board, to be held in the month of August next thereafter; * * * Provided, that the County Board may, if it deem it to be for the best interests of the voters of any town or precinct, divide any election precinct which contains more than three hundred legal voters into two election precincts, same precincts to contain as near two hundred voters as is possible."

Appellant contends that section 29 gives the County Board power to change boundaries and create new precincts at any time it sees fit to do so; that it is plainly written in the law, and that it is the duty of courts to take the law as they find it and enforce it as it is.

To our minds it is not plainly written in the law. The language of sections 29 and 30, as they now stand, is the patch-work result of numerous amendments. The composition does not appear in such lines of contiguity and sequence as it might if all the conditions sought to be provided for by so many amendments had existed or had been appreciated from the beginning. The chief purpose of the phrase in section 29, " but said County Board may, from time to time, change the boundaries of election precincts and establish new ones," is to express that the board should have power to make more than one change; that its power to make changes would not be exhausted when it had made the changes first provided for in the section. These sections are *in pari materia* and should be construed together, and in the light of all the provisions of the statute concerning elections. The words " from time to time," when read as they must be, in connection with section 30 and all the other provisions of the chapter, may be limitations upon the time. They do not necessarily mean " at any time," or at all times, but may mean, at times to recur; and no times are anywhere mentioned for re-adjusting election districts, except at July or August meetings of the board after November elections. If these words will admit of such meaning, and it is necessary for them to be so interpreted to give effect to the whole statute and make its operation practicable, then it is our duty to so interpret them.

Appellant presses upon our attention the following, as law supporting its case :

" Where the terms of a statute are clear and precise, its sense manifest and its consequences, upon a literal construction, not absurd nor palpably unjust, nor contrary to any imperative public exigency, it should be construed according to its plain and natural import."

We are satisfied with this as a correct rule of statutory construction, but if it were admitted that the terms of the statute under consideration are clear and its sense manifest, still, its consequences upon such construction as appellant contends for are " absurd," and are " palpably unjust," and are " contrary to imperative public exigency."

To give to the statute the construction contended for by appellant would enable a County Board, within the last ten days prior to an election, to create any number of new election precincts, and change the boundaries of all the precincts in the county, thereby to destroy all the election districts, thus rendering all the provisions of section 30 nugatory, and making performance of most of the provisions of the election law absolutely impossible. This could not have been the legislative intent.

The finding, order and judgment of the Circuit Court is affirmed.