Lydia M. Classen, Plaintiff-Appellant, v. Samuel
M. Ripley, Defendant-Appellee.

Term No. 51F10.

Opinion filed May 4, 1951. Released for publication May 25, 1951.

RUSSELL H. CLASSEN, of Belleville, for appellant.

TURNER, HOLDER & ACKERMANN, of Belleville, for appellee.

MR. PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

This is a suit brought by Lydia M. Classen, plaintiff, for specific performance of an alleged contract, whereby the defendant, Samuel M. Ripley, agreed to convey a tract of land to the plaintiff for the stipulated price of $250 per acre. After several motions pertaining to the pleadings, the circuit court has entered a final order which in effect rejects a tendered second amended complaint and dismisses the suit on the grounds that the description in the alleged contract is too indefinite, uncertain, and ambiguous to sustain a decree for spe-

cific performance, and that the contract lacked mutuality. Plaintiff has perfected this appeal from the court's final order.

The purported contract consists of a series of three letters signed by the defendant, of which pertinent parts are as follows: The first letter stated,

". . . Now since you wont say what you will want to pay me for that piece of land I will make you a price of $250 per acre for whatever amount of land there is in that piece 20 acres more or less. . . . If you could have someone help you measure it commencing at Rudolph Press' southeast corner to your line then south to Dintelman's line then you could tell how many acres there are in the piece. . . ."

The second letter states in full,

"I heard you very plain over the phone from St. Louis. You have Mr. Schrader make out the description of that piece of land about 20 acres I think it is back of the lots I sold in the Subdivision along the Smithton road. I dont know just how he will have to describe it but he can see by the plat on file in recorder's office. It is the piece south of your 16 ft. rd. running south to Dintelmans road. He might have to start the description from Rudolph Press northeast corner thence east to your line then south L. Dintelman road thence west to the east line of the subdivision thence north to the beginning. Mr. Schrader will know how to describe it. I hope he will charge $10 for writing the deed and you can deduct that from the price. I will write Geiger later on."

The third letter reads in part,

"I heard you very plain over the telephone yesterday. I am feeling pretty well today. When Mr. Schrader makes out the deed for that piece of land be sure and have him include in same that 50 foot road leading

300

from the road to the property I am deeding you. This 50 foot was left by orders of D. O. Thomas then County Highway Engineer. For some years it was not assessed as my property but later it was put on my tax bill. I had intended to run the road through to your line and lay out acre tracts on both sides both north and south but I never got that far along. Now be sure and have Mr. Schrader include this 50 foot road in the deed. . . ."

Attached to the complaint is a purported survey of the designated tract of land. According to this survey the north boundary of the tract consists of a 16-foot roadway running east and west, and the south boundary consists of a road designated Dintelman Road. It is alleged in the complaint that these two roadways actually exist and have existed for seventy-five years.

The west boundary of the tract so surveyed purports to be a platted subdivision of property consisting of a row of lots fronting upon "Smithton Road." At the northeast corner of the surveyed tract there is one of the lots in the subdivision designated as the "Rudolph Press property" which lies abutting the 16-foot roadway previously mentioned, and the northeast corner of said lot would coincide with the northwest corner of the surveyed tract. The east boundary of the surveyed tract purports to be along a tract designated as "Classen property."

It will be observed that by reference to the second letter above quoted, reference is made to the two roadways which are alleged to constitute existing monuments and as such must be presumed to be available for location by a surveyor. The northeast corner of the tract, by reference to the letter, is fixed as adjoining the Rudolph Press property. Even without this, all four sides are fixed: The west boundary is fixed by reference to a purported recorded plat, and the east boundary by plaintiff's property; the existence of

these items can be ascertained by reference to public records.

If, therefore, the public records disclose a plat of lots sold by defendant along the Smithton Road and also disclose property to the east thereof in the name of the plaintiff, and if, furthermore, the two roadways designated as monuments forming the north and south boundaries actually do exist as alleged, no reason is apparent why a surveyor would not be able to locate said tract of land.

The purported plat of lots along the Smithton Road shows a 50-foot roadway running east and west connecting to the Smithton Road on the west and with the described tract of land on the east. The last letter identifies it in several ways, and infers it appears on the plat.

The complaint also alleges acceptance of plaintiff's offer by the defendant and a tender of a sum of money equal to $250 per acre for the computed area of the tract of land described.

The rules of law pertaining to descriptions sufficient to justify specific performance are well settled. A description is sufficiently definite when it will enable a surveyor, by the aid of extrinsic evidence, to locate the property. *Baker v. Buffer,* 299 Ill. 486, 491; *People v. Regnier,* 377 Ill. 562, 565; *Welsh v. Jakstas,* 401 Ill. 288.

Landmarks and monuments are more ancient than surveying instruments and have always been understood and respected even from primitive times. *Texas Co. v. Hawthorne,* 371 Ill. 468.

It is plain from the letters that the writer is referring to a tract of land owned by him south of plaintiff's 16-foot road and which the complaint alleges is the only land so owned by defendant. Such facts furnish additional means of identification. *Guyer v. Warren,* 175 Ill. 328; *In re Estate of Frayser,* 401 Ill. 364.

■■ Since the description, on its face, bounds a tract of land which can be readily located and staked out by a surveyor if the monuments exist and the matters of record referred to actually appear among the land records, the tendered complaint contains an adequate description of the tract of land, sufficient to meet the requirements of the law. Motions attacking the complaint do not put in issue the existence of such public records or such monuments, but, on the contrary, they must be presumed to exist as against a motion.

■■ As to the contention that both parties must sign a contract for the sale of real estate in order to meet the requirement of mutuality, it is expressly provided by statute that the contract need only be signed by the party to be charged therewith. Sec. 2, Ch. 59, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 55.02]. The tendered complaint alleges acceptance and, in addition, defendant's letters indicate his understanding that plaintiff verbally accepted his offer. This identical question was considered in the case of *Ullsperger v. Meyer,* 217 Ill. 262, and it was held that a verbal acceptance by a proposed vendee, with notice to the proposed vendor, and an offer to perform, renders a memorandum for the sale of land, which was signed only by the vendor, mutual and binding upon both parties. The question is further extensively discussed and a thorough analysis made of all the cases touching on the subject and we deem it conclusive of the issue now before us.

■■ It is suggested further that enforcement of specific performance rests in the discretion of the court and that under the facts herein relief should be denied. That the court has such discretion to deny relief is true, but such discretion is limited and may only be exercised when the facts are doubtful or the contract is so uncertain that injustice might arise and such is not the case as presented by the tendered complaint in this instance. *Ullsperger v. Meyer (supra).*

303

We are obliged to conclude that the circuit court was in error in rejecting the tendered complaint on the ground the description was insufficient and the contract lacked mutuality. Accordingly, the decree of the circuit court is reversed and the cause is remanded with directions to allow the plaintiff to file the tendered second amended complaint and to rule the defendant to answer and allow the cause to proceed in due course.

*Reversed and remanded.*

CULBERTSON, J. and BARDENS, J., concur.