THE CITY OF PALOS HEIGHTS *et al.*, Plaintiffs-Appellees, *v.* THE VILLAGE OF WORTH *et al.*, Defendants-Appellants.—(HARLEM AVENUE PETROLEUM WAREHOUSING COMPANY, INC., *et al.*, Defendants.)

(No. 60257;

First District (3rd Division)—June 5, 1975.

*Rehearing denied July 17, 1975.*

Staehlin, Jantorni, Sullivan and Gentili, of Chicago, for appellant Village of Worth.

Kirkland and Ellis, of Chicago (Philip J. McGuire, of counsel), for appellants Rock Road Construction Co. and Sag Warehouse and Terminal Corp.

Warren L. Swanson and David A. Lowe, both of Chicago, for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from an order of the trial court granting plaintiffs' motion for a voluntary nonsuit which order also provided that the defendant Village of Worth furnish notice to the plaintiffs of future applications to the Village for the development of certain premises for the processing or storage of petroleum oils. The sole issue upon appeal is whether the trial court erred in including the provisions for notice in the order granting the voluntary nonsuit. A summary of the necessary facts follows.

This action was commenced on March 1, 1973, by a complaint for declaratory judgment and injunctive relief to prevent certain property located in the Village of Worth from being developed as an oil storage facility. The original plaintiffs were the City of Palos Heights, the Navajo Hills Homeowner's Association, and Lanoco Service Corp. In addition to the Village of Worth, a municipal corporation, defendants included Rock Road Construction Co. (Rock Road), Sag Warehouse & Terminal Corp. (Sag), and other defendants who were alleged to be owners, lessees, or developers of the subject property. The several defendants responded by filing either answers, motions to strike, or motions to dismiss the complaint. Thereafter, 21 individual property owners residing within the Village of Worth petitioned for leave to intervene as party-plaintiffs. The trial court entered an order denying the motions to dismiss, granting the motions to strike, and granting leave to plaintiffs to file an amended complaint joining as party-plaintiffs the individual property owners. Upon the filing by plaintiffs of an amended complaint, each of the defendants filed answers. Defendant Village of Worth presented a motion to set the cause for trial, and the trial court continued the hearing on the motion to December 5, 1973.

The record discloses that on the date set for hearing of the motion plaintiffs advised the trial court that all current plans to develop the subject property as an oil storage facility had been withdrawn. Plaintiffs then moved for a voluntary nonsuit without prejudice to refiling and requested that defendant Village of Worth be required to furnish notice to plaintiffs of any future applications for the development of the premises

for processing or storage of oils. Defendants objected to including any notice requirement. After stating that the requirement was merely the extension of a courtesy to a neighboring town, the trial court on December 5, 1973, entered the order here involved which provided in pertinent part:

"NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

(1) That Plaintiffs' Motion to voluntarily non-suit this cause without prejudice to the refiling thereof be and it is hereby granted, and said cause be and it is hereby non-suited without prejudice to the refiling thereof; and

(2) Plaintiffs shall pay costs to the defendants pursuant to Section 52 of the Civil Practice Act; and

(3) That the Defendant, THE VILLAGE OF WORTH, and its appropriate governmental commissions and boards furnish notice to the Plaintiffs of future applications, including applications for building permits, for the development of the premises described in Exhibit A attached hereto and by reference incorporated herein with facilities for the processing or storage of petroleum oils or by-products therefrom, which notice shall be furnished to the Plaintiffs, or their attorneys, Warren L. Swanson and David A. Lowe, within a reasonable time prior to any hearing before any body, commission or board of said Village of Worth, and within a reasonable time prior to the taking of any action by any such body, commission or board with regard to such application.

(4) This order is a final order and there is no just cause to delay enforcement thereof or appeal therefrom."

On December 19, 1973, defendant Village of Worth moved that paragraph (3) of the order be vacated, which motion was denied. On January 3 and January 4, 1974, notices of appeal from the order of December 5, 1973, were filed by defendants Village of Worth, Rock Road and Sag.

Section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 52(1)) provides:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, only on terms fixed by the court (a) upon filing a stipulation to that effect signed by the defendant, or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof."

Defendants contend that the trial court was without authority to extend affirmative relief to the plaintiffs in the dismissal order, and further, that

even if such authority existed, there was no basis in the record of any evidence or showing that plaintiffs were entitled to such relief. Plaintiffs assert that under section 52(1) the trial court must fix the terms of a voluntary nonsuit after a trial or hearing has begun and that prior thereto the trial court may in its discretion fix the terms of a voluntary nonsuit upon the request of the moving plaintiffs. The purpose of section 52 was to prevent a voluntary dismissal where it would be unfair or unjust to a defendant to permit; the terms "nonsuit" and "voluntary dismissal without prejudice" are used interchangeably because there is no difference in effect between them. *Juen v. Juen* (1973), 12 Ill.App.3d 284, 297 N.E.2d 633.

■■ Plaintiffs' interpretation of section 52(1) as to the discretion of the trial court before a trial or hearing has begun is erroneous. The trial court is clearly vested with discretion to fix such terms after trial or hearing has begun, but it does not follow that the court has the same discretion prior thereto. Upon proper notice and payment of costs, a plaintiff has an absolute right to dismiss his action before a trial or hearing has begun, and the trial court has no discretion to interfere with the exercise of that right. (*Gilbert-Hodgman, Inc. v. Chicago Thoroughbred Enterprises, Inc.* (1947), 17 Ill.App.3d 460, 308 N.E.2d 164; *Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill.App. 495, 60 N.E.2d 442.) It therefore follows that if the trial court cannot fix terms to the detriment of a plaintiff as to a voluntary nonsuit before a trial or hearing has begun, neither can it fix terms for a voluntary nonsuit to the detriment of a defendant. Clearly, the trial court would have been without authority to impose any such terms upon the defendant Village of Worth in a dismissal order entered before the commencement of a trial or hearing.

In the instant case, motions to strike and motions to dismiss the original complaint were filed by certain defendants. The motions included as grounds questions as to plaintiffs' standing and other affirmative matters to avoid the relief under the complaint, and other grounds as provided in sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, pars. 45, 48). Since a motion under section 48 by a defendant to dismiss would terminate the litigation if sustained, a hearing within the meaning of section 52(1) had begun. (See *Bernick v. Chicago Title & Trust Co.* and *Matthews v. Weiss* (1958), 15 Ill.App.2d 530, 146 N.E.2d 809.) Therefore, the trial court was authorized to fix the terms of the voluntary dismissal. However, the terms imposed were inconsistent with the intent of section 52(1), the purpose of which section is to protect a defendant, after the commencement of the trial or hearing, from any injustice or unfairness which could result from the dismissal. (*Fidelity & Casualty Co. v. Heitman Trust Co.* (1942), 317 Ill.App. 256, 46 N.E.2d 155.) It is

not intended as a means by which a plaintiff can dismiss an action and still secure some form of relief without the necessity of a trial.

■■ The defendants are correct in maintaining that the notice required by the instant order grants affirmative relief to the plaintiffs. The terms imposed require the defendant Village of Worth to furnish notice not otherwise required of municipalities under existing statutes. The reasons for the imposition of the terms, as a practical means of avoiding potential difficulties between the municipalities, are commendable; the provisions were well intentioned as the mere extension of a courtesy between neighboring municipalities. However, these reasons are not sufficient to sustain the imposition of the terms on the defendant Village of Worth in the absence of any showing or legal authorization. Section 52 is to protect the defendant, upon a voluntary dismissal by plaintiffs. Accordingly, the fixing of the terms in the instant order constituted an abuse of discretion by the trial court.

■■ Plaintiffs have further argued that the dismissal order of December 5, 1973, should be affirmed in its entirety because the issue is one of *de minimis non curat lex* (the law does not concern itself with trifles). The notice requirement affects future applications concerning the use of the subject property and constitutes a substantial prejudice to the defendants. Plaintiffs' argument is without merit. Plaintiffs have also argued that the order should be affirmed because defendants have not appealed from the order of December 19, 1973, which denied the motion to vacate the dismissal order of December 5, 1973. We disagree. The order denying the motion to vacate did not suspend the effect of the prior order or its finality unless or until it was actually vacated. (See *Classen v. Ripley* (1950), 407 Ill. 350, 352, 95 N.E.2d 454, *appeal transferred on other grounds* (1951), 343 Ill.App. 298, 98 N.E.2d 868.) Defendants' appeal is properly brought from the order entered on December 5, 1973, which is a final appealable order, and not from the order denying their motion to vacate. See *Robson v. Pennsylvania R.R. Co.* (1949), 337 Ill.App. 557, 86 N.E.2d 403.

For the reasons stated, and pursuant to Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1973, ch. 110A, par. 366(a)(5)), we vacate paragraph (3) of the order entered on December 5, 1973, and affirm the order as modified.

Vacated in part; affirmed as modified.

DEMPSEY and McNAMARA, JJ., concur.