*In re* MARRIAGE OF JOSIE L. WRIGHT, Petitioner-Appellee, and LESTER L. WRIGHT, Respondent-Appellant.

First District (2nd Division)    Nos. 79-409, 79-1600 cons.

Opinion filed December 30, 1980.—Modified on denial of rehearing February 10, 1981.

Bentley, DuCanto & Doss, Ltd., of Chicago, for appellant.

Burke, Weber & Egan, of Chicago (Edward J. Egan, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This case consolidates two appeals presently before the court. In No. 79-409, respondent Lester Wright appeals from the trial court's order dismissing petitioner Josie Wright's petition for dissolution of marriage. Josie Wright obtained the voluntary dismissal pursuant to section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52(1)). Respondent contends that the trial court abused its discretion in granting the dismissal. In No. 79-1600, respondent appeals from an order of the trial court requiring him to pay petitioner's attorney $10,000 as attorney's fees for defending appeal No. 79-409.

On November 21, 1977, Josie Wright filed a petition for dissolution of marriage. Petitioner filed an amended petition on August 22, 1978, which respondent answered on August 23, 1978. A trial date was set for August 24, 1978; petitioner requested and received a continuance to October 5, 1978. On September 5, petitioner filed a motion for voluntary dismissal under section 52(1) of the Civil Practice Act. Two days later, on September 7, respondent filed a counterclaim for dissolution of marriage. On November 9, 1978, the trial judge, finding that he had no discretion to deny petitioner's motion for dismissal, granted the motion, and also dismissed respondent's counterclaim. On December 7, 1978, petitioner filed a new action in the circuit court, requesting a legal separation. On September 16, 1980, petitioner amended her petition for legal separation, asking for dissolution of marriage on grounds of desertion. Respondent did not contest this action, and the trial court entered an order of dissolution on the same day. Respondent has appealed only the dismissals of petitioner's first action and his counterclaim in that action.

On February 1, 1979, Josie Wright filed a petition in the trial court, seeking an award of attorney's fees to defend the appeal. The trial court took some evidence on petitioner's financial situation, and entered an order granting the petition, setting attorney's fees at $10,000. Respondent has appealed this award.[1]

---

[1] Petitioner has sought a dismissal of appeal No. 79-409, contending that the order of dissolution of marriage entered on September 16, 1980, has rendered the appeal moot. Respondent argues that other matters between the parties remain unresolved. While respondent has failed to indicate precisely what matters remain in controversy, we have elected to consider the merits of the appeal.

## I

Respondent's first contention is that the trial court abused its discretion in granting the voluntary dismissal. Respondent argues that petitioner's right to voluntarily dismiss her action must be tempered by regard for the efforts and expenses borne by respondent in answering the suit, and that considerations of judicial economy may outweigh a plaintiff's right to dismiss. If we find, however, that petitioner had an absolute right to dismiss her action at that stage of the proceedings, then respondent's claims of prejudice must be unavailing.

■■ Although section 52(1) does not speak in terms of an "absolute right" to dismiss, the issue may not be seriously disputed. Section 52(1) provides:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, only on terms fixed by the court (a) upon filing a stipulation to that effect signed by the defendant, or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to him except by his consent." (Ill. Rev. Stat. 1979, ch. 110, par. 52(1).)

Numerous cases have referred to the plaintiff's "absolute right" to dismiss his action. (*E.g., In re Marriage of Brown* (1980), 86 Ill. App. 3d 964, 972, 410 N.E.2d 79; *City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 749, 331 N.E.2d 190.) The qualifications to plaintiff's right of voluntary dismissal are set forth unambiguously in the statute: the motion must be made before trial or hearing begins, and before a counterclaim is filed, and plaintiff must pay costs. The reference in section 52(1) to dismissal "without prejudice" does not refer to prejudice to the rights of the defendant. The phrase "without prejudice" is an ancient one, and signifies only that the dismissal has been taken with no decision on the merits of the case, and therefore without prejudice to refiling. See *People ex rel. Waite v. Bristow* (1945), 391 Ill. 101, 110, 62 N.E.2d 545.

■■ Respondent herein claims that the "trial or hearing" began when petitioner took an evidence deposition of her ailing mother's testimony. While courts in this State have varied in the interpretations of when a trial or hearing begins (see Comment, *The Vanishing Right of a Plaintiff to Voluntarily Dismiss His Action*, 9 J. Mar. Prac. & Proc. 853, 866 (1976)), there is no authority whatever for the proposition that "trial or hearing" begins with the taking of an evidence deposition. Respondent does not principally rely on the claim that petitioner waived her absolute right to dismiss by taking the deposition; he argues in the main that "fairness" to respondent must be factored in, since section 52 was enacted to remedy

an unfair advantage given plaintiffs by section 52's predecessor statute. Respondent is correct in stating that section 52 was enacted to correct abuses possible under the former statute (see *Chicago Title & Trust Co. v. County of Cook* (1935), 279 Ill. App. 462, 466), but respondent misunderstands the extent of the correction made. Section 70 of the former Civil Practice Act gave the plaintiff an absolute right of dismissal (called nonsuit) any time before the jury retired, or, in a bench trial, before the case was submitted for decision. (Ill. Rev. Stat. 1931, ch. 110, par. 70.) This allowed a plaintiff who feared an unfavorable result to end the proceedings and begin anew (subject to the statute of limitations). Section 52, as originally drafted, permitted plaintiff to dismiss his action as of right no later than the time of defendant's answer or motion attacking the complaint. (See Comment, *The Vanishing Right of a Plaintiff to Voluntarily Dismiss His Action*, at 855 n.8.) This version was approved by the Illinois Senate, but the House amended the section to require that the motion be made "before trial or hearing begins." (Ill. H. Jour., 58th Gen. Assembly, 1933 Session, at 1010; see generally, Comment, *The Vanishing Right of a Plaintiff to Voluntarily Dismiss His Action*, at 854-56.) The present wording of the statute, then, is an apparent compromise between two extremes: the view that a plaintiff has an unfettered ability to dismiss his case, and the view that the inconvenience and expense suffered by a defendant can thwart a plaintiff's right of dismissal.

■■ Respondent also argues that petitioner should be estopped from asserting her right to dismiss the action, as respondent relied on petitioner's attorney's representation that the matter would go to trial, and consequently refrained from filing a counterclaim. In order to support a claim of equitable estoppel, respondent must show that he in good faith relied on the conduct of petitioner, and was led thereby to change his position for the worse. (*Slavis v. Slavis* (1973), 12 Ill. App. 3d 467, 473, 299 N.E.2d 413.) Respondent's claim of detrimental reliance cannot be sustained, since he could have filed his own petition for dissolution of marriage. The only detriment suffered by respondent was the inconvenience of defending an allegedly vexatious lawsuit. Since the Civil Practice Act apparently favors the petitioner's rights over those of the respondent in this instance, it is inappropriate to invoke equitable estoppel to achieve a contrary result, especially where respondent's "detriment" is so unconvincing.

■■ Respondent's final contention in appeal No. 79-409 is that the trial court abused its discretion in striking respondent's belated counterclaim. Respondent filed a praecipe for dissolution of marriage on September 12, 1978, so the dismissal of respondent's counterclaim of September 7 did not impair respondent's exercise of his legal rights. The counterclaim was filed two days after petitioner's motion for voluntary dismissal. If this court were to allow a belated counterclaim to frustrate petitioner's right to

dismiss her action, defendant would have a "de facto" veto power over plaintiff's statutory right of voluntary dismissal. The trial court perceived this potential incongruity, and properly dismissed respondent's counterclaim.

## II

■■ In appealing the award of attorney's fees, respondent maintains that the trial court had no jurisdiction to make the award, as the jurisdiction of the appellate court had already attached. Normally, after the trial court has dismissed an action, it has no jurisdiction to award attorney's fees relative to the action. (*In re Marriage of Erby* (1980), 84 Ill. App. 3d 672, 676, 406 N.E.2d 79.) If there is any exception to this general jurisdictional rule, it must be specifically provided for by statute. Section 508(a) of the Marriage and Dissolution Act provides:

> "The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse, which award shall be made in connection with the following: * * * (3) The defense of an appeal of any order or judgment under this Act, including the defense of appeals of post-judgment orders." (Ill. Rev. Stat. 1979, ch. 40, par. 508(a).)

While the statute does allow for an award of attorney's fees made in connection with the defense of an appeal, the statute has no specific provision to negate the general rule that the filing of a notice of appeal deprives the trial court of further jurisdiction. (*Cf. Sherman v. Sherman* (1979), 74 Ill. App. 3d 451, 455, 393 N.E.2d 67 (absent explicit statutory grant of authority, trial court has no jurisdiction to grant maintenance pending appeal after appeal has been filed).) The applicable principles are aptly summarized in the Historical and Practice Notes to section 508.

> "This subsection does not authorize awards of attorney's fees and costs in the trial court while an appeal is pending. Such awards could be made under the prior Divorce Act which expressly authorized such a procedure * * *. In the absence of such explicit statutory authority, the trial court lacks jurisdiction to award fees to defend an appeal after the jurisdiction of the appellate court has attached." Ill. Ann. Stat., ch. 40, par. 508, Historical and Practice Notes, at 639 (Smith-Hurd 1980).

It is important in this connection to distinguish between the trial court's general power to award attorney's fees, and the court's specific authority to make such an award after appellate jurisdiction has attached. The power to award attorney's fees may derive from a statutory provision (*e.g.*, section 508(a) of the Marriage and Dissolution Act) or from the

plenary equitable powers of the trial court. (See *Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 859, 360 N.E.2d 386.) Whatever the source, the power must ordinarily be exercised while the trial court retains general jurisdiction over the cause. (See *Zalduendo,* at 859; see also *Fox v. Fox* (1978), 56 Ill. App. 3d 446, 449, 371 N.E.2d 1254; see generally Dienstag, *Attorney Fees for Services Rendered in the Prosecution or Defense of Appeals from Post-Decree Divorce Proceedings,* 66 Ill. B.J. 568, 572-74 (1978).) The prior divorce act contained a specific provision authorizing the trial court to award attorney's fees "during the pendency of the appeal." (Ill. Rev. Stat. 1975, ch. 40, par. 15.) This provision was repealed in 1976 (1976 Ill. Laws 788), and we find no language of corresponding specificity in section 508(a) of the new act. Section 508(a) states that the court has authority "from time to time" to make fee awards, but we attribute no jurisdictional significance to this phrase. Since section 508(a) comprehends fees for prefiling and post-decree activities, the phrase only refers to the recurring need for such orders. *Cf. County Board v. Short* (1898), 77 Ill. App. 448, 452 ("from time to time" does not mean "at any time" or "at all times," and must be read in context).

We acknowledge that some decisions in this State, and even some opinions of this court, have affirmed orders for payment of attorney's fees entered after the filing of an appeal. (See, *e.g., In re Marriage of De Frates* (1980), 91 Ill. App. 3d 607, 414 N.E.2d 1188; *In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279; *Gauger v. Gauger* (1979), 70 Ill. App. 3d 378, 388 N.E.2d 123.) In some of these cases, the jurisdictional problem was neither raised by the parties nor considered by the court. (*E.g., De Frates.*) In other cases, the decision of the appellate court was based primarily on other grounds. (*E.g., Gauger,* at 384 (appellant held to have waived appeal as to attorney's fees).) In any event, the position we adopt herein is clear: section 508(a) authorizes awards of attorney's fees for appeals, but does not empower the trial court to make such awards after appellate jurisdiction has attached.

■■ This is not to say that petitioner herein must be foreclosed from any application for attorney's fees for the defense of appeal No. 79-409. The trial court should have an opportunity to reconsider both the granting and the amount of the award.

> "[P]rospective awards of attorney's fees made during the pendency of an appeal [are], in practice, necessarily speculative and therefore difficult to determine or to review on appeal. * * * Instead, an appropriate remedy is to petition the trial court for an allowance of attorney's fees and costs at the conclusion of the appeal, when the determination of those expenses can accurately be made." (Ill. Ann. Stat., ch. 40, par. 508, Historical and Practice Notes, at 640 (Smith-Hurd 1980).)

The logic of this procedure seems unassailable, especially in light of the fact that the amount requested by petitioner's attorney (first $20,000, then reduced to $10,000)[2] has never been justified by any reference to the extent of services performed or their reasonable value. Petitioner's attorney has stated that he does not bill an hourly rate for appeals, and that $10,000 is a "reasonable" fee, but the trial court is not bound by an attorney's opinion as to what constitutes a reasonable fee, and should inquire into a number of factors in setting attorney's fees, including the time and labor required. See *Tippet v. Tippet* (1978), 65 Ill. App. 3d 1018, 1021, 383 N.E.2d 13.

In consideration of the foregoing, the trial court's decision in No. 79-409 is affirmed, and the trial court's order in No. 79-1600 is vacated and the cause remanded for a new hearing on the question of attorney's fees.

Affirmed in part, vacated in part, and remanded with directions.

PERLIN and HARTMAN, JJ., concur.

---

[2] Petitioner's attorney first requested $20,000 as his fee for defending the appeal. After the court's authority to make a prospective fee award was questioned by respondent, petitioner's attorney modified his request, seeking only a temporary fee of $10,000.