(No. 54686.—

*In re* MARRIAGE OF JOSIE L. WRIGHT, Appellant, and
LESTER L. WRIGHT, Appellee.

*Opinion filed March 29, 1982.*

WARD, J., took no part.

Edward J. Egan, Ltd., of Chicago, for appellant.

Doss, Puchalski, Keenan, Bargiel & Dicks, Ltd., of Chicago (Owen L. Doss, of counsel), for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

Josie Wright filed a petition for dissolution of marriage on November 21, 1977, in the circuit court of Cook County. Several months later, and after a second trial date had been set, she sought a voluntary dismissal. Her husband, Lester Wright, opposed the dismissal and filed a counterpetition for dissolution. Following extensive briefings by the parties regarding the wife's right to voluntarily dismiss her action, the trial court granted her motion and struck the husband's counterclaim. The husband immediately filed a notice of appeal. Several months later, on motion of the wife's attorneys, the trial judge ordered the husband to pay attorney fees to defend the appeal in the amount of $10,000. The husband again appealed. The appellate court subsequently held that since the wife sought to dismiss her action prior to "trial or hearing" she had an absolute right to do so under section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52(1)). That court further held, however, that the trial judge lacked jurisdiction to award attorney fees subsequent to the filing of the notice appeal of the earlier dis-

missal order. (92 Ill. App. 3d 708.) We granted the wife's petition for leave to appeal.

We are now advised that the marriage was dissolved on September 16, 1980, and a final property settlement has been approved. The wife's attorney has informed this court that all fee questions were resolved in the settlement. Since an actual controversy no longer exists and the interests or rights of the parties are no longer controverted, the matter is moot (*People ex rel. Newdelman v. Weaver* (1972), 50 Ill. 2d 237, 241; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 378; *Chicago City Bank & Trust Co. v. Board of Education* (1944), 386 Ill. 508, 519), and we decline to render an opinion which would be entirely advisory.

Our well-established rule is that we will not review moot or abstract propositions merely to establish a precedent or to guide potential future litigation. (*West Side Organization v. Thompson* (1980), 79 Ill. 2d 503, 507; *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251; *People ex rel. Tucker v. Kotsos* (1977), 68 Ill. 2d 88, 93; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379; *Siefferman v. Johnson* (1950), 406 Ill. 392, 396; *Tuttle v. Gunderson* (1930), 341 Ill. 36, 45-46.) The public interest exception recognized by this court in *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622 (see also *In re Estate of Brooks* (1965), 32 Ill. 2d 361) is obviously not applicable in this case. See *People ex rel. Cairo Turf Club v. Taylor* (1954), 2 Ill. 2d 160, 164 (the incidental interest of the public in all litigation is not sufficient; the degree of public interest and concern must be very clear); *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 380 (extraordinary degree of public concern and interest prompted our retention of jurisdiction in *Labrenz*).

In an effort to avoid the mootness argument, the husband urges in section IIA of his brief the invalidity of a

contingent-fee contract executed by the wife and her attorneys shortly before they moved to dismiss her dissolution action. A copy of that contract is included in the husband's brief. It provided for compensation to her attorneys from the proceeds of a chancery action filed against the husband at the time the wife moved to dismiss the dissolution suit. The husband urges that the dismissal, new filing, and contract constituted a plan to circumvent the established rule invalidating such contracts in divorce cases as contrary to public policy. *In re Fisher* (1958), 15 Ill. 2d 139; see also our amended Rule 2—106(c)(4) adopted June 3, 1980, effective July 1, 1980 (84 Ill. 2d R. 2—106(c)(4)).

The wife, who is not complaining of the contract, has filed a motion to strike section IIA of the husband's brief and a motion for summary reversal, both of which were taken with the case and are now denied. We note, however, that in the former it is stated that the invalidity of the contingent-fee contract was raised by the husband in the trial court, and that the trial judge held it valid. No appeal was taken from the order, which it is said upheld the contract and approved the property settlement, and we have before us neither that order nor the record of the proceedings in which it was entered.

*Fisher* and our subsequently adopted rule precluding contingent-fee contracts in dissolution actions leave not the slightest doubt of their invalidity when so employed. We reaffirm our adherence to that policy, and would not hesitate to take appropriate action where transgression of that rule has been established. However, here the contract terms are not, standing alone, violative of the rule, and we do not have before us the trial court proceedings concerning the contract's validity. In their absence we are precluded from considering the trial court action.

Since we hold the issues to be moot, we accordingly vacate the judgments of the appellate and circuit courts

and remand the cause to the circuit court of Cook County with directions to set aside its order granting prospective attorney fees and to dismiss the petition for such fees.

*Judgments vacated; cause remanded, with directions.*

JUSTICE WARD took no part in the consideration or decision of this case.