THE CITY OF CHICAGO, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION et al. (Ezra Townsend Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—07—2850WC

Opinion filed December 23, 2008.

GORDON, ROBERT E., J., specially concurring.

Aukse R. Grigaliunas, of Hennessy & Roach, Ltd., of Chicago, for appellant.

Richard J. Barr, Jr., of Lannon, Lannon & Barr, Ltd., of Chicago, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Ezra Townsend filed an application for adjustment of claim against his employer, the City of Chicago, seeking workers' compensation benefits for an injury to his lower back incurred on April 17, 1998. The matter proceeded to an arbitration hearing under section 19(b) of the Workers' Compensation Act (Act) (820 ILCS 305/19(b) (West 2006)). The arbitrator found the claim compensable and awarded temporary total disability (TTD) benefits, medical expenses and penalties. The employer appealed to the Illinois Workers' Compensation Commission (Commission), which unanimously affirmed the arbitrator's decision. The employer then sought review in the circuit court of Cook County, which subsequently confirmed the Commission's decision. The employer did not file an appeal from the order of the circuit court and began paying benefits.

On February 8, 2005, and May 11, 2005, the matter was heard by the arbitrator on the issue of the nature and extent of claimant's permanent partial disability. The arbitrator found that the claimant was permanently and totally disabled pursuant to section 8(f) of the

Act. In doing so, the arbitrator excluded from evidence an independent medical examiner (IME) report issued on September 6, 2004, by Dr. Charles Slack and proffered by the employer. The report was excluded based upon the arbitrator's determination that the report had not been produced prior to the commencement of the hearing in the matter. Pursuant to Commission precedent (*Marks v. Acme Industries, Inc.*, Ill. Ind. Comm'n Rep. 02 IIC 0892 (November 22, 2002)), the arbitrator held that the commencement of the hearing began with the treating physician (Dr. Chmell) being deposed on May 7, 2004.

The employer appealed to the Commission, which affirmed and adopted the decision of the arbitrator with one dissent (Commissioners Pigott and DeMunno in the majority, with Commissioner Lindsey dissenting). In her dissent, Commissioner Lindsey distinguished the instant matter from *Marks*, noting that, unlike *Marks*, in the instant case the IME had not issued a report until after the treating physician's deposition. Further, Commissioner Lindsey criticized *Marks* as being wrongly decided.

The employer then sought review in the circuit court of Cook County, which confirmed the decision of the Commission. We reverse.

At issue here is whether the Commission erred in excluding the IME report of Dr. Charles Slack, issued on September 6, 2004, because it was not disclosed to the claimant prior to the May 7, 2004, commencement of the treating physician's deposition. The parties dispute the appropriate standard of review. The claimant maintains that the issue involves an evidentiary ruling, which is to be upheld unless it is an abuse of discretion. *Homebrite Ace Hardware v. Industrial Comm'n*, 351 Ill. App. 3d 333, 337 (2004). The employer maintains that the appropriate standard of review is *de novo*, as what is at issue is whether Dr. Slack's report is barred by section 12 of the Act. We note that resolution of the matter involves a question of statutory construction, and the appropriate standard of review is *de novo* (*King v. Industrial Comm'n*, 189 Ill. 2d 167, 171 (2000)); we therefore review *de novo*.

■ Our analysis begins with section 12 of the Act, which provides:
"In all cases where the examination is made by a surgeon engaged by the employer, and the injured employee has no surgeon present at such examination, it shall be the duty of the surgeon making the examination at the instance of the employer to deliver to the injured employee, or his representative, a statement in writing of the condition and extent of the injury to the same extent that said surgeon reports to the employer, *** said copy to be furnished the employee, or his representative as soon as practicable but not later than 48 hours *before the time the case is set for hearing*." (Emphasis added.) 820 ILCS 305/12 (West 2002).

The facts in the instant matter are not in dispute. After an initial hearing to determine causation, the employer paid TTD and medical. The claimant continued to treat for his injuries. The parties began discussing a settlement regarding permanency; however, these discussions were unsuccessful. The claimant scheduled an evidence deposition with his treating physician, Dr. Chmell, which took place by agreement of the parties on May 24, 2004. At the time of the deposition, a hearing before an arbitrator was anticipated, although a hearing date had yet to be set. The matter remained pending for several months following Dr. Chmell's deposition, without a hearing date being set.

Still with no date set for a hearing before an arbitrator, the employer scheduled an independent medical examination as provided in section 12 of the Act, with Dr. Slack, which took place on August 26, 2004. We find no indication in the record that the claimant's attorney objected to the IME, and the claimant, in fact, appeared for the IME on August 26, 2004. At that time, Dr. Slack issued a report in conjunction with his examination, dated September 6, 2004. This report was tendered to the claimant's attorney on September 20, 2004. In a letter to claimant's counsel, the employer's counsel asked if claimant would stipulate to the admission of Dr. Slack's report, or whether claimant would wish to depose Dr. Slack. The employer received no response.

The matter was called for hearing before an arbitrator on February 8, 2005. After testimony and certain exhibits were admitted, the employer attempted to have admitted as evidence Dr. Slack's September 6, 2004, report. The claimant objected, citing the Commission decision *Marks v. ACME Industries*, which is a Commission decision standing for the proposition that the "hearing" referred to in section 12 of the Act ("48 hours before the case is set for the hearing") is the treating physician's deposition. The arbitrator rejected the Slack report as being in violation of section 12 of the Act, as interpreted in the *Marks* decision. The arbitrator then concluded that, since Dr. Chmell's opinions as to permanency were unrebutted (due to the exclusion of Dr. Slack's report), the claimant was permanently and totally disabled.

The matter was appealed to the Commission, which affirmed and adopted the arbitrator's decision, with one dissent. The circuit court confirmed, and the employer appealed.

On appeal, the employer maintains that Dr. Slack's report should have been admitted as it complied with section 12 of the Act, notwithstanding the *Marks* decision. At the outset, we note one important factual distinction between the instant matter and the facts in *Marks*. In *Marks*, the employer had the examining physician's

report in hand prior to the treating physician's deposition, but failed to provide a copy of the report to the claimant until after the conclusion of the treating physician's deposition. Here, Dr. Slack's report did not even exist at the time of Dr. Chmell's deposition. In fact, the claimant participated without objection in Dr. Slack's examination, and Dr. Slack's report was tendered only a few days after the examination and well before the arbitration hearing.

■ The employer urges this court to ignore the Commission's decision in *Marks* and focus instead upon this court's decision in *Ghere v. Industrial Comm'n*, 278 Ill. App. 3d 840 (1996). In *Ghere*, the issue was whether the "48-hour prior to hearing" disclosure required in section 12 applied to treating physicians' reports as well as examining physicians. In holding that section 12 did in fact apply to treating physicians' reports, this court noted clearly that the "hearing" referred to in section 12 was the "arbitration hearing." The *Ghere* court noted that the purpose of the 48-hour rule was to prevent surprise medical testimony at the arbitration hearing:

> "We believe the purpose of section 12 would be frustrated if we read section 12 to only apply to examining physicians. It seems to us from the language of section 12 that the purpose in having the employee's physician send a copy of his records to the employer no later than 48 hours prior to the *arbitration* hearing is to prevent the employee from springing surprise medical testimony on the employer." (Emphasis added.) *Ghere*, 278 Ill. App. 3d at 845.

Given this court's prior determination that the purpose of section 12 is to prevent surprise medical testimony at the arbitration hearing, the Commission's ruling in *Marks* that the "hearing" referred to in section 12 is the treating physician's deposition is completely at odds with this court's statement of the purpose of section 12. The Commission's decision to exclude Dr. Slack's report was error as a matter of law. We note that had Dr. Slack's report been completed but withheld until after Dr. Chmell's deposition, the outcome may have been different.

We therefore reverse the circuit court's decision confirming the Commission's decision excluding Dr. Slack's report pursuant to section 12 of the Act as being error as a matter of law and remand for further proceedings before the Commission.

Reversed and remanded.

McCULLOUGH, P.J., and GROMETER and DONOVAN, JJ., concur.

JUSTICE ROBERT E. GORDON, specially concurring:

I agree with the result reached by the majority, but I write separately to more fully address the issues raised by the parties.

In refusing to allow the employer to introduce into evidence Dr. Charles Slack's September 6, 2004, report, the arbitrator, whose decision in this regard was adopted by the Commission, found that the "commencement of trial" in this matter began when the claimant's treating physician was deposed on May 7, 2004. As Dr. Slack's September 6, 2004, report was not tendered to the claimant until after the treating physician's deposition, the arbitrator concluded that the September 6, 2004, report was barred under section 12 of the Illinois Workers' Compensation Act (Act) (820 ILCS 305/12 (West 2004)).

The relevant portion of section 12 of the Act provides:

"In all cases where the examination is made by a surgeon engaged by the employer, and the injured employee has no surgeon present at such examination, it shall be the duty of the surgeon making the examination at the instance of the employer to deliver to the injured employee, or his representative, a statement in writing of the condition and extent of the injury to the same extent that said surgeon reports to the employer and the same shall be an exact copy of that furnished to the employer, said copy to be furnished the employee, or his representative as soon as practicable but not later than 48 hours before the time the case is set for hearing. *** If such surgeon refuses to furnish the employee with such statement to the same extent as that furnished the employer said surgeon shall not be permitted to testify at the hearing next following said examination." 820 ILCS 305/12 (West 2004).

Section 12 of the Act explicitly states that an examining physician's report must be provided to the injured employee no later than 48 hours before the start of a hearing and that, if the report is not disclosed, the examining physician will not be allowed to testify. The Act, however, fails to define "hearing" or "testify."

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Comprehensive Community Solutions, Inc. v. Rockford School District No. 205*, 216 Ill. 2d 455, 473, 837 N.E.2d 1 (2005). The best indication of legislative intent is the language of the statute itself. *People ex rel. Ryan v. Agpro, Inc.*, 214 Ill. 2d 222, 226, 824 N.E.2d 270 (2005). Where, as in this case, the terms of a statute are undefined, they are given their plain and ordinary meaning. *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 243, 848 N.E.2d 1 (2005).

A "hearing" is generally defined as "synonymous with trial." *Donovan v. Industrial Comm'n*, 125 Ill. App. 3d 445, 449, 465 N.E.2d

1071 (1984). Therefore, given its plain and ordinary meaning, a hearing begins when the parties start to present their arguments and evidence to the arbitrator, not with the taking of an evidence deposition. See *In re Marriage of Wright*, 92 Ill. App. 3d 708, 710, 415 N.E.2d 1196 (1980) (rejecting a claim that a trial begins with the taking of an evidence deposition), *vacated as moot*, 89 Ill. 2d 498, 434 N.E.2d 293 (1982).

In this case, it is undisputed that Dr. Slack's September 6, 2004, report was tendered to the claimant more than 48 before the arbitration hearing commenced on February 8, 2005. Accordingly, the employer complied with section 12 of the Act, and the September 6, 2004, report should not have been excluded.

Furthermore, Dr. Slack's September 6, 2004, report should not have been barred because the report is not testimony. According to section 12 of the Act, if an examining physician fails to furnish a report to the injured employee, the physician "shall not be permitted to testify." 820 ILCS 305/12 (West 2004). "Testimony" is commonly defined as "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition." Black's Law Dictionary 1485 (7th ed. 1999). As the September 6, 2004, report was not made under oath or affirmation, it cannot be considered "testimony" and, therefore, is not subject to exclusion under section 12 of the Act.

Finally, I do not believe that Dr. Slack's September 6, 2004, report was merely commutative of evidence already before the arbitrator and the Commission. Although a previous report from Dr. Slack, dated December 15, 2002, was admitted into evidence, the basis for Dr. Slack's opinions differed in the two reports. In his September 6, 2004, report, Dr. Slack analyzed nearly two years of additional treatment and testing. Consequently, I cannot say that the improper exclusion of Dr. Slack's September 6, 2004, report was harmless error. *Cf. Greaney v. Industrial Comm'n*, 358 Ill. App. 3d 1002, 1013, 832 N.E.2d 331 (2005) ("When erroneously admitted evidence is cumulative and does not otherwise prejudice the objecting party, error in its admission is harmless").

For these reasons, I concur with the majority's decision to reverse the judgment of the circuit court and remand the cause for further proceedings before the Commission.