*In re* MARRIAGE OF LOIS MOSTOW, Petitioner-Appellee, and ARTHUR L. MOSTOW, Respondent-Appellant.

First District (3rd Division)    No. 80-3193

Opinion filed April 29, 1981.

Feiwell, Galper & Lasky, Ltd., of Chicago, for appellant.

Muller Davis, Sherwin Stone, and Paul Feinstein, all of Chicago (Jones, Baer & Davis, and Altheimer & Gray, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

On February 20, 1979, petitioner, Lois Mostow, filed her petition for dissolution of marriage. Thereafter, the trial court granted her temporary maintenance, children's support, temporary fees and costs from respondent, Arthur Mostow. Before trial was to begin, pursuant to section 52 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52), petitioner moved for a voluntary dismissal of her action without prejudice. Respondent did not contest the propriety of the dismissal itself, but requested that the trial court impose conditions on petitioner's right to dismiss the action. Specifically, respondent requested that petitioner be ordered to reimburse him for certain aforementioned payments in the amount of $12,500 in temporary attorney's fees and $2,500 in costs. Additionally, respondent requested that petitioner pay $7,770 for his accountant's fees and $801 for his court costs and deposition expenses, and that petitioner be barred from again seeking temporary maintenance in the event that she refiled her dissolution of marriage action. On November 18, 1980, the trial court granted petitioner's motion for a voluntary dismissal and refused to impose conditions. Respondent urges on appeal that the trial court's refusal to impose conditions was error.

Section 52 of the Civil Practice Act provides in relevant part:

"Voluntary dismissal. (1) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, only on terms fixed by the court * * *."

We first address respondent's contention that the trial court could properly impose conditions on petitioner's right to dismiss because her request was made after a "trial or hearing" had begun. Respondent maintains that a four-day hearing on petitioner's motion for temporary maintenance and support constituted a sufficient commencement of proceedings to trigger the after "trial or hearing" requirement of section 52.

■■ It is well settled that prior to trial or hearing the right to voluntarily dismiss an action is absolute subject only to the obligation to pay court costs. (*Gilbert-Hodgman, Inc. v. Chicago Thoroughbred Enterprises, Inc.* (1974), 17 Ill. App. 3d 460, 308 N.E.2d 164.) For purposes of section 52, "hearing" means the taking of evidence for the court's determination on the issues in the action sought to be dismissed. (*City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 331 N.E.2d 190; *Central Ice Cream Co. v. Goldenrod Ice Cream Co.* (1958), 18 Ill. App. 2d 7, 151 N.E.2d 466; *Matthews v. Weiss* (1958), 15 Ill. App. 2d 530, 146 N.E.2d 809.) In the present case, the hearing was on the preliminary issues of temporary maintenance, support, and fees, and did not relate to the issues of the dissolution action itself which petitioner sought to dismiss. Accordingly, no trial or hearing had begun for purposes of section 52. In *Central Ice Cream Co. v. Goldenrod Ice Cream Co.*, after hearing evidence for 14 days on a petition for a temporary injunction, the court denied the injunction. Despite a stipulation by the parties that evidence on the temporary injunction issue should be considered as evidence on the ultimate merits of the case, the court subsequently granted an unconditional voluntary dismissal. This court affirmed the trial court's unqualified dismissal of the action on the grounds that trial had not begun. Similarly in the present case, petitioner had an unqualified right to dismiss since no trial on the issues had begun.

Respondent also contends that even if petitioner filed her motion to dismiss prior to trial or hearing, the trial court should have ordered that she return certain moneys paid by him so as to prevent the use of section 52 as a tool of vexation.

■■■ Where a statute is clear and unambiguous, judicial construction is neither necessary nor permitted. (*Nordine v. Illinois Power Co.* (1965), 32

Ill. 2d 421, 206 N.E.2d 709.) The statute clearly confers the right to dismiss prior to trial or hearing and expressly imposes on that right the sole condition that the moving party pay the opposing party's costs. We cannot read any additional conditions into the statute. We note that we fail to see any vexation in the present case. Petitioner was entitled by statute to seek and receive temporary maintenance and support, attorney's fees and costs, during the pendency of her action. (Ill. Rev. Stat. 1979, ch. 40, par. 501 *et seq.*) The trial court determined the amount of maintenance and support which presumably respondent ordinarily would have expended were the dissolution action never filed. The petitioner was not required to exhaust her estate to pay her own attorney's fees to maintain a dissolution action. (Par. 508.) Here, the trial court properly denied respondent's request that petitioner's right to dismiss be subject to reimbursement of her attorney's fees and costs, and payment of his accountant's fees.

For the same reasons, the trial court properly refused to bar petitioner from seeking temporary maintenance in the future if she filed another dissolution action. Such a penalty clearly contravenes the express statutory language that the right to dismiss prior to trial is absolute.

■■ We turn now to the issue of costs for which petitioner may be obligated under section 52. Respondent asked the trial court to assess $801 against petitioner for costs. Apparently this sum included respondent's appearance fees and deposition costs. This court has recently held that in addition to filing and appearance fees, the trial court may, in its discretion, include certain expenses of discovery as "costs," pursuant to Supreme Court Rule 208(d). (Ill. Rev. Stat. 1979, ch. 110A, par. 208(d); *Galowich v. Beech Aircraft Corp.* (1981), 93 Ill. App. 3d 690, 417 N.E.2d 673.) In the present case, the judgment of the trial court granting the voluntary dismissal without conditions appears to have been entered in the court's belief that it was without authority to impose any conditions. We therefore remand the cause to the trial court for the limited purpose of determining whether, pursuant to Supreme Court Rule 208, the transcription of the deposition costs in the amount of $801, or any part thereof, should be assessed against petitioner.

Accordingly, the judgment of the circuit court of Cook County granting petitioner a voluntary dismissal is affirmed. That portion of the judgment denying respondent reimbursement for the costs of transcribing depositions in a total amount of $801 is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Affirmed in part; reversed and remanded in part.

McGILLICUDDY and WHITE, JJ., concur.