ROBERT D. BERGMAN *et al.*, Plaintiffs-Appellees, v. PAUL J. SCHLUNDT, Defendant-Appellant.

Second District No. 2—87—0354

Opinion filed December 16, 1987.

Jay S. Judge, Kristine A. Karlin, Sarah Hansen Sotos, and Janella L. Barbrow, all of Judge & Knight, Ltd., of Park Ridge, for appellant.

Carl F. Schroeder, of Carl F. Schroeder, Ltd., of Wheaton, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Paul J. Schlundt, appeals from an order of the circuit court which denied his motion to assess attorney fees against the plaintiffs, Robert D. Bergman and Linda M. Bergman, under section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). On appeal, the defendant contends that (1) under section 2—1009 of the Code, the circuit court had the power to assess reasonable attorney fees for plaintiffs' failure to give notice of their voluntary nonsuit and (2) the circuit court's refusal to assess attorney fees for the plaintiffs' inexcusable failure to give notice was an abuse of discretion. We affirm.

On January 20, 1984, the plaintiffs brought suit against the defendant for injuries resulting from an auto accident which occurred on February 5, 1982. The case was set for trial on March 18, 1985; however, on the plaintiffs' motion for continuance, a pretrial conference was scheduled on April 9, 1985. On March 28, 1985, plaintiff Linda M. Bergman was voluntarily dismissed without prejudice from the lawsuit. Thereafter several pretrial conferences were held, and the case eventually was set for trial on August 11, 1986. The August 11 trial date was changed to September 8 on the circuit court's motion. On the defendant's motion for continuance, the September 8 trial date was rescheduled to November 17, 1986. The defendant then obtained a second continuance, and the case was set for trial on January 26, 1987. An agreed order again changed the trial date to February 5, 1987, and, finally, the case was called for trial on February 17, 1987.

On the morning of trial, the plaintiffs submitted a motion for voluntary nonsuit. The circuit court dismissed the case without prejudice and left the determination of costs to the parties. The defendant filed a bill of costs in the amount of $4,850 which included, among other

things, attorney fees incurred the five days prior to trial. The defendant sought attorney fees because the plaintiffs failed to notify him of their motion to dismiss pursuant to section 2—1009 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). The circuit court denied the award of attorney fees and ordered that the defendant be awarded costs of $194, which represented the defendant's costs for his appearance, jury demand and trial witness subpoenas. From that order, the defendant appeals.

The sole issue raised on appeal is whether the plaintiffs' failure to give notice of motion pursuant to section 2—1009 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009) justifies an award of attorney fees. Initially, the plaintiffs assert that defendant has waived review of this issue because he failed to object to the plaintiffs' improper notice of motion when the circuit court granted the plaintiffs' voluntary nonsuit. While it is axiomatic that a party desiring to preserve a question for review must make an appropriate objection below (see *E & E Hauling, Inc. v. Pollution Control Board* (1985), 107 Ill. 2d 33, 38), we believe that the defendant properly preserved the issue for which he seeks review.

■■ At a hearing held March 20, 1987, both parties argued the merits of the defendant's bill of costs. The defendant asserted that the plaintiffs' failure to give proper notice of their motion to dismiss supported an award of attorney fees. Consequently, we reject the plaintiffs' assertion that this issue has been waived for review and proceed to the merits of this case.

In the relevant part, section 2—1009 of the Code states:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.)

The defendant contends that the plaintiffs' failure to give notice of their motion to dismiss violated section 2—1009 and, therefore, the defendant was entitled to recover his costs, which included attorney fees. The defendant further asserts that the circuit court had the inherent power to assess attorney fees against the plaintiffs and its failure to do so was an abuse of discretion. We disagree.

■■ "Costs are allowances in the nature of incidental damages awarded by law to reimburse the prevailing party, to some extent at least, for the expenses necessarily incurred in the assertion of his rights in court." (*Galowich v. Beech Aircraft Corp.* (1982), 92 Ill. 2d

157, 165-66; see also *Naiditch v. Shaf Home Builders, Inc.* (1987), 160 Ill. App. 3d 245, 268.) Allowance and recovery of costs is entirely dependent on statutory authorization, and only those items designated by statute to be allowable may be taxed as costs. *Galowich*, 92 Ill. 2d at 162.

■ The circuit court does not have the power to tax attorney fees as costs *unless* such fees are provided for by statute. (*People ex rel. Morris v. Etchason* (1987), 152 Ill. App. 3d 409, 413.) Despite the defendant's assertion to the contrary, we do not believe that a plain reading of section 2—1009 coupled with the circuit court's inherent power to control and protect its own docket gives the circuit court the power to award attorney fees in this case. Simply put, the attorney fees which the defendant seeks are not authorized by section 2—1009 to be taxed as costs, and, therefore, we determine that the circuit court properly denied the defendant's motion for the assessment of attorney fees.

The defendant cites *Intaglio Service Corp. v. J. L. Williams & Co.* (1983), 112 Ill. App. 3d 824, for the proposition that attorney fees may be imposed as a cost or penalty for failure to give proper notice under section 2—1009. The defendant has misplaced reliance on *Intaglio*. The *Intaglio* court lacked jurisdiction to rule on the issue whether attorney fees may be assessed as costs under section 2—1009 when a party fails to give proper notice of its intent to voluntarily nonsuit. The court arguably mentioned in *dictum* the proposition which the defendant urges us to adopt. (See 112 Ill. App. 3d at 831-32.) Because the *Intaglio* court did not address the issue presently before us, we decline to adopt its *dictum* as the rule of law to be applied in this case.

■ In any event, even if we were to adopt, which we do not, the language of *Intaglio* as allowing for the imposition of attorney fees as costs under section 2—1009, the circuit court did not err in refusing to assess attorney fees in this case. An attorney fee award is a matter left to the sound discretion of the circuit court, and its decision will not be disturbed absent an abuse of discretion. (*Board of Education v. County of Lake* (1987), 156 Ill. App. 3d 1064, 1067-68.) The defendant asserts that the plaintiffs offered no explanation as to why they failed to give notice of their intent to voluntarily nonsuit. The defendant does not contend that the circuit court failed to consider the facts and circumstances surrounding the plaintiffs' failure to give notice. The assessment of attorney fees is not automatic but, instead, subject to the circuit court's discretion. We have found nothing in the record, nor has the defendant alerted us to any evidence, which indicates that

the circuit court abused its discretion in refusing to assess attorney fees.

For the reasons expressed above, the decision of the circuit court is affirmed.

Affirmed.

LINDBERG, P.J., and INGLIS, J., concur.