*In re* MARRIAGE OF SAMIR S. SALEH, Petitioner-Appellant, and NORA S. SALEH, Respondent-Appellee.

First District (3rd Division)   No. 1—89—1703

Opinion filed August 8, 1990.

William D. Serpico and Kevin J. O'Shea, both of Serpico, Novelle, Dvorak & Navigato, Ltd., of Chicago, for appellant.

No brief filed for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Petitioner, Samir S. Saleh, appeals from an order of the circuit court of Cook County denying his motion for voluntary dismissal pursuant to section 2—1009 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). Although no brief was filed on behalf of respondent in this matter, we will consider the merits of the case in accordance with the mandate of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On December 19, 1986, the petitioner filed a petition for dissolution of marriage in the circuit court of Cook County. The respondent, Nora S. Saleh, filed her response on April 21, 1987. In answering the petition, respondent requested, among other relief, that the court deny the petition and dismiss the action. No counterpetition for dissolution of marriage was filed. Thereafter on August 21, 1987, the respondent filed a petition for emergency relief, and on August 28, 1987, she was awarded temporary maintenance in the amount of $90 per week.

On April 20, 1989, the respondent filed a petition for rule to show cause alleging that the petitioner had failed to pay the temporary maintenance previously awarded to her. It does not appear from the record that any hearing was requested on the petition for rule to show cause nor was any date set by the court to determine the validity of the allegations contained therein.

On May 3, 1989, the petitioner filed a motion for voluntary dismissal pursuant to section 2—1009 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). The motion to dismiss was scheduled for hearing on May 16, 1989. At the time the motion was filed, trial had not yet commenced, nor had any counterpetition for dissolution of marriage or any other counterclaim been filed by the respondent.

On June 16, 1989, the trial court denied the petitioner's motion for voluntary dismissal. The trial court certified the following question for appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308):

"Whether a petitioner who has timely filed a motion to voluntarily dismiss his Petition for Dissolution of Marriage is properly denied that relief as being against public policy where there is no counter-petition for Dissolution of Marriage on file but there is pending, but not yet set for hearing, a petition for rule to show cause which alleges that the petitioner has willfully failed to pay the temporary spousal maintenance as had been ordered by the court."

On September 18, 1989, this court granted the petition for leave

to appeal. We reverse the trial court's order denying petitioner's motion for voluntary dismissal.

■■■ Section 2—1009 of the Code of Civil Procedure provides in pertinent part:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." Ill. Rev. Stat. 1987, ch. 110, par. 2—1009.

In *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, the defendants appealed from an order granting the plaintiff's motion for a voluntary dismissal which had been filed after the trial court had ruled on various motions *in limine* on the date set for trial. Responding to the defendant's argument that trial began when the court ruled on those motions and that the plaintiff should not be allowed to "test the waters" and then voluntarily dismiss after receiving adverse rulings, our supreme court held that arguments and rulings on pretrial motions did not constitute the commencement of trial and stated:

> "At common law, the plaintiff could voluntarily dismiss without prejudice at any point before the judgment was returned. The legislature attempted to discourage vexatious suits by limiting the plaintiff's freedom, but only by preventing an automatic voluntary dismissal without prejudice after trial or hearing commenced. [Citation.] Any further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." *Kahle*, 104 Ill. 2d at 307-08.

Its statement in *Kahle* notwithstanding, the supreme court subsequently carved out an additional exception to the common law rule that a plaintiff had an absolute right to a voluntary dismissal. In *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283, 492 N.E.2d 1322, the court held that where a plaintiff, relying on section 2—1009, moves to voluntarily dismiss his suit while a defendant's motion to dismiss for lack of diligent service under Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) is pending, the trial court must hear the latter motion on its merits prior to ruling on the plaintiff's motion. (*O'Connell*, 112 Ill. 2d at 283.) The court noted that Rule 103(b) establishes a requirement of reasonable diligence to effect service of process, while section 2—1009 allows a plaintiff to voluntarily dismiss his complaint even where service of process is not effected until expiration of the applicable statute of limitations. The court further noted

that section 13—217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217) allows a plaintiff to refile his complaint within one year of his voluntary dismissal, without reference to the matter of diligence or service of process as to the original complaint. (*O'Connell*, 112 Ill. 2d at 280.) Observing that both the judiciary and the legislature may promulgate rules, the court stated the principle that if a rule of the court is in conflict with a legislative enactment, the rule will prevail. (*O'Connell*, 112 Ill. 2d at 281.) The court held that under the circumstances of that case, insofar as section 2—1009 directed the circuit court to dismiss a case without prejudice on motion of the plaintiff, it unduly infringed upon the judiciary to render judgments. The court also held that in ruling on the pending Rule 103(b) motion, the trial court may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint. *O'Connell*, 112 Ill. 2d at 283.

The *O'Connell* case, until our supreme court's decision in *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858, was the only exception ever made to the absolute right afforded a plaintiff by section 2—1009 to obtain a voluntary dismissal prior to the start of trial or hearing. Attempts to extend the holding in *O'Connell* to defense motions other than those for dismissal with prejudice for failure to effect diligent service of process under Rule 103(b) have been unsuccessful. (*Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12; *Kendle v. Village of Downers Grove* (1987), 156 Ill. App. 3d 545, 509 N.E.2d 723; *Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 807, 502 N.E.2d 1322; *Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589.) Thus, outside of the limited exception established in *O'Connell*, a plaintiff's right to a voluntary dismissal was still absolute if requested prior to the start of trial or hearing.

In *Gibellina v. Handley*, however, our supreme court determined that it was necessary to modify its previous construction of section 2—1009 because "an ever increasing number of plaintiffs are using a section 2—1009 motion to avoid a potential decision on the 'merits' or to avoid an adverse ruling as opposed to using it to correct a procedural or technical defect. [Citations.]" (*Gibellina*, 127 Ill. 2d at 137.) Thus the court held that, effective as of the date of the filing of the opinion and prospectively only, the trial court may hear and decide a motion which has been filed prior to a section 2—1009 motion when that motion, if favorably ruled on by the court, could result in a final disposition of the case. *Gibellina*, 127 Ill. 2d at 138.

We agree with the petitioner's interpretation of *Gibellina* that a plaintiff has an absolute right to take a voluntary dismissal unless

there exists an unequivocal conflict between a specific rule of the supreme court and section 2—1009, as in *O'Connell*, or where a previously filed motion exists, which, if ruled upon favorably by the court, could result in a *final disposition* of the case. (*Gibellina*, 127 Ill. 2d at 138.) When deciding *Gibellina*, the court rejected the argument that a version of the Federal rule, which permits a plaintiff to take a voluntary dismissal as of right only prior to the filing of an answer or motion by the defendant (Fed. R. Civ. P. 41(a)), should be adopted. We believe it is clear that, under *Gibellina*, the trial court only has the discretion to decide whether to hear a previously filed *dispositive* motion. See *Mizell v. Passo* (1989), 192 Ill. App. 3d 435, 440, 548 N.E.2d 783, *appeal allowed* (1990), 131 Ill. 2d 560.

■ Clearly then the petitioner in this case had an absolute right to voluntarily dismiss pursuant to section 2—1009. Unlike *O'Connell*, which should be read and applied narrowly, this case does not present a situation where the statutory enactment permitting a voluntary dismissal directly conflicts with a specific supreme court rule. Additionally, respondent's petition for rule to show cause was not a motion which, if ruled upon favorably by the court, would have resulted in a final disposition of the case. We decline to place further limitations upon the common law and statutory right of plaintiffs to dismiss their cases than those provided for in *O'Connell* and *Gibellina*. We therefore answer the question certified for appeal by the trial court in the negative and find that, under the circumstances of this case, the plaintiff has an absolute right to voluntarily dismiss his petition for dissolution of marriage.

The order of the trial court is vacated and the cause is remanded for further proceedings.

Vacated and remanded.

CERDA, P.J., and WHITE, J., concur.