*In re* MARRIAGE OF ANN MANNS, Petitioner-Appellant and Cross-Appellee, and LARRY R. MANNS, Respondent-Appellee and Cross-Appellant.— LARRY R. MANNS, Petitioner-Appellee, v. ANN MANNS, Respondent-Appellant.

Fifth District   Nos. 5—90—0504, 5—90—0530 cons.

Opinion filed December 20, 1991.

GOLDENHERSH, P.J., dissenting.

Schiller, Du Canto & Fleck, of Chicago (Robert W. Wilcher and Sarane C. Siewerth, of counsel), for appellant.

Morris B. Chapman & Associates, Ltd., of Granite City (Morris B. Chapman, Melissa A. Chapman, Glenn E. Bradford, and Clarence W. Harrison II, of counsel), for appellee.

JUSTICE LEWIS delivered the opinion of the court:

These appeals, No. 5—90—0504 and No. 5—90—0530, were argued separately but have been consolidated for opinion by agreement of the parties during oral argument.

## No. 5—90—0504

In Madison County No. 90—D—22, on January 5, 1990, Ann R. Manns as petitioner filed a petition, subsequently amended, for dissolution of marriage. On April 26, 1990, the respondent, Larry R. Manns, filed a petition for reimbursement in the amount of one-half the sum of $160,000, the sum which he alleged he had been required to advance by way of payment of the parties' estimated joint income tax for 1989. The parties were engaged in a number of joint commercial enterprises, many involving the rental of real estate owned jointly by them. Following a hearing on June 12, 1990, the trial court that same day entered an order granting the respondent's "Motion for Reimbursement" and requiring Ann Manns to pay to Larry Manns $111,191.17 within three days. The trial court also ordered both parties not to make further withdrawals from their business accounts for personal reasons.

On June 15, 1990, Ann Manns moved voluntarily to dismiss her cause of action without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1009). According to the minute record, on June 15, 1990, counsel for Ann Manns indicated that a copy of her motion to dismiss voluntarily had been served on Larry Manns, and the trial court, assuming that notice had been given, entered the order granting the motion on that day without notifying counsel for Larry Manns. However, upon the trial court's discovery later that same day that notice had not been given as required, the court called counsel for both parties and advised that the order of voluntary dismissal had been vacated and set aside.

On June 19, 1990, Larry Manns filed a petition for rule to show cause why Ann Manns should not abide by the order of June 12, 1990, "and especially why she has not delivered the moneys due respondent thereunder." On July 3, 1990, following a hearing on June 28, 1990, the trial court entered an order finding

"that it is [Ann Manns'] right to voluntarily dismiss this cause; but, such Motion for Dismissal cannot be allowed to interfere with the effect of the Court's previous Order as this would prejudice the rights of the Respondent and allow the Petitioner

to use the voluntary dismissal for the sole purpose of avoiding an unfavorable order."

In this order the court described its previous order of June 12, 1990, as a "Temporary Order." The trial court dismissed the cause on the motion of Ann Manns but stated that it "retains jurisdiction for purposes of enforcing the Order entered on June 12, 1990, and this matter is to be set by the Clerk on the next available date on [Larry Manns'] Petition for Rule to Show Cause why [Ann Manns] should not be held in contempt for failure to comply with that Order." Trial had not been had and judgment had not been entered as to the dissolution of the marriage. No counterpetition for dissolution of marriage had been filed.

On July 12, 1990, Ann Manns answered the petition for rule to show cause, stating that the contempt proceedings "have been abated by virtue of the Court's order of July 3, 1990[,] dismissing the underlying proceedings out of which this Petition for Rule to Show Cause arose. There is no justiciable case or controversy pending before this Court." That same day Ann Manns filed a motion to dismiss the petition for rule to show cause because the trial court "lacks subject matter jurisdiction over the Petition for Rule to Show Cause, which has been abated by the dismissal of movant's Petition for Dissolution of Marriage." Thereafter, on August 2, 1990, Ann Manns filed a notice of appeal "from the Order entered on June 12, 1990, and made final by the order entered on July 3, 1990." On August 7, 1990, Larry Manns filed a notice of cross-appeal from the order entered on July 3, 1990.

Ann Manns presents two issues for review: (1) whether in an action for dissolution of marriage a trial court may order a distribution of one party's separate property to the other party without a full hearing on the marital or nonmarital nature of the property and (2) whether a trial court may retain jurisdiction to enforce a temporary order even after the entire cause is dismissed upon the petitioner's motion for a voluntary dismissal. In his cross-appeal Larry Manns raises a single issue, whether a party may voluntarily dismiss an action "when preliminary mandatory injunction has been granted the opposing party."

In her brief on appeal Ann Manns contends, *inter alia*, that section 2—1009(a) of the Code of Civil Procedure grants to any plaintiff the absolute right to dismiss the action without prejudice at any time before trial or hearing begins, upon notice and payment of costs. She maintains that the trial court erred in imposing an impermissible restriction upon her absolute right to have her case dismissed. She ar-

gues that the status of the case upon voluntary dismissal is "as if no dissolution action had ever been filed; because no cause of action remained before the court, there was nothing to enforce, and any temporary order was rendered nugatory."

Section 2—1009(a) of the Code of Civil Procedure provides as follows:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent." Ill. Rev. Stat. 1989, ch. 110, par. 2—1009(a).

■ A plaintiff has an absolute right to take a voluntary dismissal unless there exists an unequivocal conflict between a specific rule of the supreme court and section 2—1009, as occurred in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, or there exists a previously filed motion, which, if ruled upon favorably by the court, could result in a final disposition of the cause of action, as occurred in *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858. (See *In re Marriage of Saleh* (1990), 202 Ill. App. 3d 131, 559 N.E.2d 812.) It has been broadly held that the voluntary dismissal statute grants plaintiffs the absolute privilege to dismiss regardless of motive. (*Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634.) It is well settled that prior to trial or hearing the right to dismiss an action voluntarily is subject only to the obligation to pay court costs. (*In re Marriage of Mostow* (1981), 95 Ill. App. 3d 915, 420 N.E.2d 731.) Otherwise stated, this statute clearly confers the right to dismiss prior to trial or hearing and expressly imposes on that right a single condition, that the moving party pay the opposing party's costs (*Mostow*, 95 Ill. App. 3d 915, 420 N.E.2d 731). For purposes of section 2—1009, "hearing" means the taking of evidence for the court's determination on the issues in the action sought to be dismissed. (See *Mostow*, 95 Ill. App. 3d 915, 420 N.E.2d 731.) Upon proper notice and payment of costs, a plaintiff has an absolute right to dismiss his action before a trial or hearing has begun, and the trial court has no discretion to interfere with the exercise of that right.

(*City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 331 N.E.2d 190.) The trial court is vested with discretion to fix terms concerning a voluntary dismissal after trial or hearing has begun, but it does not follow that the court has the same discretion prior thereto. (*City of Palos Heights*, 29 Ill. App. 3d 746, 331 N.E.2d 190.) The trial court cannot fix terms to the detriment of a plaintiff as to a voluntary dismissal before a trial or hearing has begun. *City of Palos Heights*, 29 Ill. App. 3d 746, 331 N.E.2d 190.

In *Saleh*, after the petitioner had filed his petition for dissolution of marriage, the respondent obtained an award of temporary maintenance. Later, the respondent filed a motion for rule to show cause alleging that the petitioner had failed to pay the temporary maintenance previously awarded to her. No hearing was requested on this petition, and no date was set by the court to consider the petition. Thereafter, the petitioner filed a motion for voluntary dismissal, at which time trial had not yet commenced and the respondent had not filed a counterpetition for dissolution of marriage or any other counterclaim. The trial court denied the petitioner's motion for voluntary dismissal. On review, the order denying the motion was vacated and the cause was remanded for further proceedings. The court in *Saleh* stated that the petitioner had an absolute right to dismiss the cause voluntarily pursuant to section 2—1009. The case did not, the court reasoned in *Saleh*, present the situation, as in *O'Connell*, where the statutory enactment permitting a voluntary dismissal conflicts directly with a specific supreme court rule or the situation, as in *Gibellina*, where a motion existed which, if ruled upon favorably by the court, would have resulted in a final disposition of the case. The respondent's petition for rule to show cause, the court said expressly, was not such a motion. Declining to place further limitations upon the common law and statutory right of plaintiffs to dismiss their cases, beyond those limitations imposed in *O'Connell* and *Gibellina*, the court in *Saleh* held that under the circumstances the plaintiff there had an absolute right to dismiss voluntarily his petition for dissolution of marriage.

In *Mostow* the petitioner filed her petition for dissolution of marriage and thereafter was granted temporary maintenance, child support, fees and costs. Before trial was to begin, petitioner moved for a voluntary dismissal without prejudice. The respondent did not contest the propriety of the dismissal itself but requested that the trial court impose conditions on petitioner's right to dismiss the action, namely, reimbursement for certain of the aforementioned payments, including attorney fees, payment of his accountant's fees, payment for other

costs and expenses, and barring of the petitioner from seeking temporary maintenance in the event that she refiled an action for dissolution of marriage. The trial court granted the petitioner's motion for a voluntary dismissal but refused to impose conditions, which refusal the respondent urged as error. The court on review determined that, contrary to the respondent's assertions, the four-day hearing on petitioner's motion for temporary maintenance and support did not constitute a trial on the issues because that hearing was on the preliminary issues of temporary maintenance, support, and fees and did not relate to the issues of the dissolution action itself which the petitioner sought to dismiss. Thus, the court concluded, for purposes of the statute no trial or hearing had begun. Observing that the statute expressly imposes on the right to dismiss prior to trial or hearing the sole condition that the moving party pay the opposing party's costs, the court was unable to read any additional conditions into the statute and held that the trial court had properly denied the respondent's request that the petitioner's right to dismiss be subject to her reimbursement of the respondent for his payment of her attorney fees and costs and to her payment of his accountant's fees. For the same reasons, the court said, the trial court properly refused to bar the petitioner from seeking temporary maintenance in the future if she filed another dissolution action: "Such a penalty clearly contravenes the express statutory language that the right to dismiss prior to trial is absolute" (*Mostow*, 95 Ill. App. 3d at 918, 420 N.E.2d at 733).

■ In the instant case, section 2—1009 does not conflict with a supreme court rule, and no motion existed which, if ruled upon favorably by the court, would have resulted in a final disposition of the case. Nor did the hearing conducted on the respondent's petition for reimbursement constitute a hearing related to the issues of the dissolution action itself sought to be dismissed. Inasmuch as no trial or hearing had begun for purposes of section 2—1009, the trial court could impose upon Ann Manns' absolute right to dismiss without prejudice prior to trial or hearing the sole condition that she pay Larry Manns' costs. The trial court could not, however, impose additional conditions upon that right. By requiring that Ann Manns comply with the order for reimbursement entered on June 12, 1990, the trial court effectively imposed an additional—and impermissible—condition upon her absolute right, under these circumstances, to dismiss prior to trial or hearing. That it could not do. Therefore, we affirm that part of the judgment granting Ann Manns a voluntary dismissal and vacate that part of the order pertaining to the enforcement of the order entered on June 12, 1990.

In light of this disposition, we need make no determination with regard to Ann Manns' contention that, because the marriage had not yet been dissolved, the trial court lacked authority to order reimbursement of the respondent by her.

■ With respect to his cross-appeal, the respondent states that Ann Manns was permitted to dismiss her petition for dissolution of marriage voluntarily "even though a hearing had been had on the mandatory injunction." The principal difficulty with this assertion is that a hearing was had on the respondent's petition for reimbursement. A mandatory injunction was neither sought nor granted. As we have already indicated, the hearing so conducted was one unrelated to the issues of the dissolution action itself sought to be dismissed. Nor may the respondent's petition for reimbursement be deemed, as he suggests in his reply brief, a counterclaim. By this petition, filed on his behalf as respondent in the dissolution action, he sought and obtained relief concerning a matter which—if it were properly considered by the trial court at that time—was, at most, a preliminary one. The respondent stresses "the inequities of the situation," arguing that, unlike other civil actions, an action for dissolution of marriage can be brought as long as a marriage continues and that the respondent is, therefore, on a treadmill, subject to indefinite dismissals under section 2—1009 and indefinite refilings. In the history of these proceedings, however, the petitioner has exercised her right of voluntary dismissal but once. Thus, this appears to us an inappropriate case in which to consider the imposition of a limitation, beyond those limitations already imposed in O'Connell and Gibellina, upon the common law and statutory right of plaintiffs to dismiss their cases. Hence, we may not, as the respondent asks us to do, reverse the order of the trial court granting the petitioner's motion for voluntary dismissal.

No. 5—90—0530

In Madison County No. 90—CH—284, after having obtained a temporary restraining order on August 8, 1990, Larry Manns as plaintiff filed that same day a complaint for injunction against Ann Manns as defendant, seeking to restrain her from proceeding with case No. 90—D—10991 for dissolution of marriage in Cook County "or from filing any other action for divorce or related thereto in this or any other state until a final resolution of the Madison County action is determined." The Madison County action to which he refers is that discussed above, No. 90—D—22, appeal No. 5—90—0504. During the pendency of the appeal in No. 5—90—0504 Ann Manns filed an action for dissolution of marriage in Cook County on August 3,

1990. Larry Manns sought to enjoin her from proceeding with that cause or any other for dissolution of marriage during the pendency of the appeal in No. 5—90—0504. Following a hearing the trial court on August 15, 1990, entered an order dissolving the temporary restraining order and

> "enjoining and restraining Respondent Ann R. Manns[,] her agents or servants from proceeding further with the divorce action Cause No. 90—D—10991 in the Circuit Court of Cook County or any other similar action at law or equity in Illinois while there exist [sic] a pending appeal of her cause of action 90—D—22 originally filed in Madison County and now on appeal. This order to remain in effect until further order of this Court."

From this order Ann Manns appeals, pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)), presenting a single issue for our review, whether Larry Manns has fulfilled the prerequisites of a temporary restraining order and preliminary injunction sufficiently so that each of the requirements for the injunction was established by a preponderance of the evidence.

■ By its own terms the order for injunction endures "while there exist [sic] a pending appeal of her cause of action 90—D—22 originally filed in Madison County and now on appeal." With our filing of this opinion today, the appeal in No. 90—D—22, No. 5—90—0504, is no longer pending, and as a consequence, the injunction terminates with this filing. Inasmuch as this filing renders moot the appeal in No. 5—90—0530, pertaining to the injunction, we do not consider the issue there presented and hereby dismiss the appeal.

No. 5—90—0504, Affirmed in part; vacated in part.
No. 5—90—0530, Dismissed.

HOWERTON, J., concurs.

PRESIDING JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent and draw specific attention to that part of the majority opinion which vacates the circuit court's order of July 3, 1990, relating to enforcement of its June 12, 1990, order granting the petition for reimbursement filed by respondent, Larry Manns.

The majority opinion characterizes the circuit court's order of July 3, 1990, as imposing an improper condition upon the right of petitioner, Ann Manns, to dismiss her action prior to the commencement of a hearing on the merits. I disagree with the concept that the circuit

court's order of July 3, 1990, constituted imposition of a condition upon this nearly absolute right to dismiss; in fact, this order reserved to the court its right to enforce a judgment it had already made on respondent's petition for reimbursement which the trial court properly treated as a counterclaim.

The petition for reimbursement requested relief independent of an ultimate distribution of marital assets and also independent of the necessary finding prior to a distribution that the assets to be distributed were, in fact, marital. The basis of this petition for reimbursement was the ongoing business relationship between the parties and definite ascertainable financial transactions between the two of them as well as a joint obligation for taxes. While not labeled as a counterclaim, this petition was, in fact, a counterclaim. *In re Marriage of Black* (1985), 133 Ill. App. 3d 59, 477 N.E.2d 1359.

In *Black*, the court characterized a counterclaim as distinguishable from an answer or affirmative defense in that it seeks affirmative relief of some kind. The *Black* court held that the intervening grandparents' petition seeking an award of custody constituted a counterclaim which could not be defeated by voluntary dismissal of the initial petition for dissolution pursuant to section 2—1009 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1009), and, in fact, barred that voluntary dismissal. The petition for reimbursement granted by the trial court in this action is comparable to the petition for custody in *Black*.

The majority reaches its conclusion by treating the petition for reimbursement as a temporary request for distribution of property prior to any determination of its character as marital or nonmarital. By assuming that the petition asks for a distribution of possibly marital property, the majority can then conclude that the petition for reimbursement is an integral part of the dissolution action which appellant sought to dismiss as opposed to an independent claim that would be in the nature of a counterclaim. The majority can thereby consider this petition for reimbursement subject to dismissal as part of the underlying claim pursuant to section 2—1009 of the Code. The majority opinion frames the issue in terms of whether "a trial court may order a *distribution* of one party's separate property to the other party without a full hearing on the marital or nonmarital nature of the property." (Emphasis added.) 222 Ill. App. 3d at 341.

Given this characterization of the petition as a request for distribution of property as opposed to a petition in the nature of a counterclaim, the majority then proceeds to characterize the trial court's order granting the petition for reimbursement on June 12, 1990, as a

temporary order. Once the order of June 12, 1990, is characterized as a temporary order, it, of necessity, becomes subject to dismissal under section 2—1009 and the majority's conclusion on the second issue logically follows from the characterizations contained in the first issue; a temporary order must of necessity abate upon dismissal of the underlying petition for dissolution. Both authorities cited for support of the majority's ruling (*In re Marriage of Saleh* (1990), 202 Ill. App. 3d 131, 559 N.E.2d 812, and *In re Marriage of Mostow* (1981), 95 Ill. App. 3d 915, 420 N.E.2d 731) dealt with truly temporary orders and are thus distinguishable from the case at bar.

The majority's disposition of cause No. 5—90—0530 is also dependent upon the court's characterization of the trial court's June 12, 1990, order as a temporary order.

In sum, since I think the situation in *Black* more accurately characterizes the case at bar than either *Saleh* or *Mostow*, I respectfully dissent from my colleagues' disposition of this appeal.