# Illinois Official Reports

## Appellate Court

---

*In re Marriage of Keller*, 2020 IL App (2d) 180960

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF CHRISTINA KELLER, Petitioner and Counterrespondent, and STEVEN KELLER, Respondent and Counterpetitioner-Appellant and Cross-Appellee (Ciesla Beeler, LLC, Appellee and Cross-Appellant). |
| District & No. | Second District<br>No. 2-18-0960 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | December 19, 2019<br><br>February 3, 2020<br>February 3, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 17-D-8; the Hon. Elizabeth Rochford, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | David S. Mann, of Lisle, for appellant.<br><br>Jennifer Cunningham Beeler, of Ciesla Beeler, LLC, of Northfield, for appellee. |

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Presiding Justice Birkett and Justice Zenoff concurred in the judgment and opinion.


**OPINION**

¶ 1                                    I. INTRODUCTION

¶ 2        Respondent, Steven Keller, appeals the order of the circuit court of Lake County granting his and petitioner's (Christina Keller) joint motion to voluntarily dismiss petitioner's petition and respondent's counterpetition for the dissolution of their marriage. In that order, the trial court also entered judgment against respondent and in favor of Ciesla Beeler, LLC (Ciesla Beeler), in the amount of $7500. This amount was derived from an earlier award of interim attorney fees entered against respondent that had not yet been satisfied. Petitioner has not filed a notice of appeal and is not part of this appeal. For the reasons that follow, we affirm.

¶ 3        Before proceeding further, we note that Ciesla Beeler has filed a notice of cross-appeal. Except for a general request for "such other and further relief as may be just," Ciesla Beeler asks only that we affirm the trial court's order at issue here. As such, Ciesla Beeler has abandoned its cross-appeal. See *People ex rel. Hartigan v. Knecht Services, Inc.*, 216 Ill. App. 3d 843, 853 (1991) ("Because plaintiff simply requests the affirmance of the trial court's judgment on counts V and VI of the complaint, no cross-appeal was necessary."). Accordingly, we dismiss the cross-appeal.


¶ 4                                    II. BACKGROUND

¶ 5        Petitioner initiated the present action, filing a petition for dissolution of marriage on January 3, 2017. She retained Ciesla Beeler as counsel. David Mann filed an appearance as respondent's counsel on February 9, 2017. Respondent filed a counterpetition for dissolution of marriage on March 2, 2017. Petitioner filed a petition for "interim and prospective attorneys' fees and costs" on February 1, 2018. The trial court granted this order in part on April 30, 2018, ruling: "[Petitioner's] Petition for Interim [and] Prospective Fees is granted in part. [Respondent] shall pay $7,500 for interim fees within the next 30 days to Ciesla Beeler LLC." Respondent did not comply with this order, and on May 29, 2018, Ciesla Beeler, listing itself as the movant, filed a petition for contribution.

¶ 6        On June 1, 2018, Ciesla Beeler filed a motion to withdraw, and attorney Darren Miller appeared for petitioner. Ciesla Beeler also filed a motion for interpleader, identifying the fees still owed by respondent as the subject matter. On the same day, Ciesla Beeler filed a motion, in its own name, seeking to hold respondent in civil contempt for failing to pay these fees. On June 7, 2018, Ciesla Beeler filed a "Petition for Setting of Final Attorney's Fees and Costs." It sought a judgment of $62,682.06 against petitioner. In a separate motion filed that day, Ciesla Beeler sought a judgment of $7500 against respondent, based on the April 30, 2018, award of fees.

¶ 7        On June 8, 2018, petitioner and respondent filed an "Agreed Joint Motion to Voluntarily Dismiss." On June 13, 2018, Ciesla Beeler filed a response, asserting, *inter alia*, defective

notice and noting its pending motions and claims for fees. At the hearing on July 16, 2018, no evidence was taken. The trial court heard argument, took the matter under advisement, and announced its decision orally on July 19, 2018. The trial court first noted that, on April 30, 2018, respondent had been ordered to pay Ciesla Beeler $7500 within 30 days. The trial court noted that respondent and petitioner complied with the requirements of section 2-1009 of the Civil Practice Law (735 ILCS 5/2-1009 (West 2018)) when they moved for dismissal prior to the start of trial and that they provided proper notice of the motion. Moreover, while the rule provides that the court may hear a previously filed motion that would dispose of the case, no such motion had been filed in this case. Further, section 2-1009 states that a dismissal does not apply to pending counterclaims and third-party complaints. The trial court then acknowledged that Ciesla Beeler had filed a motion to interplead but that leave had not yet been granted to file such a claim and "no counterclaims and third-party petitions [were] currently of record." Additionally, the rule requires the payment of costs (filing and service fees). Respondent and petitioner "have waived costs against each other," but "Ciesla Beeler has not waived any costs that it [had] advanced."

¶ 8 The court then addressed Ciesla Beeler's argument that it should be allowed to interplead (after summarily rejecting another argument not advanced in this appeal) "as a matter of public policy to preserve their right to bring a contribution hearing pursuant to the" Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/101 *et seq.* (West 2018)). The court observed that Ciesla Beeler agreed that it could not consider the parties' motives in seeking a voluntary dismissal. It stated that Ciesla Beeler's arguments "do not apply here." The trial court then found that, because petitioner and respondent had fully satisfied the requirements of section 2-1009, their right to dismiss was absolute. It added, "Ciesla Beeler will have to rely on the other avenues to provide and secure payment of fees that have been earned and are now due." The trial court then ruled:

> "Based on the foregoing, the joint motion to dismiss is granted, subject to the payment of Ciesla Beeler for any filing and service costs actually advanced by the firm. And the judgment against Steven Keller in favor of Ciesla Beeler in the amount of $7,500 shall survive the dismissal."

Subsequently, the trial court denied respondent's motion for reconsideration. This appeal followed.

¶ 9                                                III. ANALYSIS

¶ 10 On appeal, respondent raises three main arguments. First, he contends that the award of fees was an interim order and that interim orders terminate in the event of a voluntary dismissal. Second, he asserts that the judgment against him constituted an impermissible condition on his right to voluntarily dismiss his counterpetition. Third, he asserts that Ciesla Beeler may not argue against its client's position, as petitioner was seeking a voluntary dismissal. Additionally, in a short argument, respondent states that the trial court erred in denying his motion to reconsider, essentially reiterating the points made elsewhere in his brief. Accordingly, we reject the latter argument for the same reasons that follow and will not comment on it further.

¶ 11 The parties agree that the highly deferential abuse-of-discretion standard of review applies to this appeal. *In re D.T.*, 212 Ill. 2d 347, 356 (2004) (" 'Abuse of discretion' is the most deferential standard of review—next to no review at all—and is therefore traditionally reserved for decisions made by a trial judge in overseeing his or her courtroom or in maintaining the

progress of a trial."). Under this standard, we will reverse only if no reasonable person could agree with the trial court. *Lawler v. MacDuff*, 335 Ill. App. 3d 144, 147 (2002). The failure to follow the law is an abuse of discretion. *Cable America, Inc. v. Pace Electronics, Inc.*, 396 Ill. App. 3d 15, 24 (2009).

¶ 12    Section 2-1009(a) of the Civil Practice Law (735 ILCS 5/2-1009(a) (West 2018)) provides:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause."

Thus, to be entitled to a voluntary dismissal, a plaintiff must (1) move for the voluntary dismissal prior to the beginning of trial or hearing, (2) give proper notice, and (3) pay costs. *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 328 Ill. App. 3d 255, 267 (2002). It is undisputed that respondent met these elements here (respondent had filed a counterpetition for dissolution of marriage). If these elements are met (along with a few other conditions not at issue in this case), the right to dismiss is absolute. See *id.* at 269. The motive of the party seeking the dismissal is immaterial. *Id.* at 268.

¶ 13                                A. INTERIM ATTORNEY FEES

¶ 14    Respondent first contends that the April 30, 2018, order awarding $7500 in attorney fees to Ciesla Beeler terminated upon voluntary dismissal because it was an interim award. Respondent frames this issue as one of statutory construction, pointing out that the most reliable indicator of legislative intent is the plain language of the statute. *People v. Goossens*, 2015 IL 118347, ¶ 9. Respondent notes that the Act states that

> " 'interim attorney's fees and costs' means attorney's fees and costs assessed from time to time while a case is pending, in favor of the petitioning party's current counsel, for reasonable fees and costs either already incurred or to be incurred, and 'interim award' means an award of interim attorney's fees and costs." 750 ILCS 5/501(c-1) (West 2018).

¶ 15    He then relies on two provision of the Act (*id.* § 501(c-1)(2), (d)). Section 501(c-1)(2) states that "[a]ny assessment of an interim award (including one pursuant to an agreed order) shall be without prejudice to any final allocation and without prejudice as to any claim or right of either party or any counsel of record at the time of the award." *Id.* § 501(c-1)(2). Section 501(d) provides as follows:

> "A temporary order entered under this Section:
>
>     (1) does not prejudice the rights of the parties or the child which are to be adjudicated at subsequent hearings in the proceeding;
>
>     (2) may be revoked or modified before final judgment, on a showing by affidavit and upon hearing; and
>
>     (3) terminates when the final judgment is entered or when the petition for dissolution of marriage or legal separation or declaration of invalidity of marriage is dismissed." *Id.* § 501(d).

Respondent then concludes that, "clearly," an order of interim attorney fees is a temporary order and that temporary orders terminate pursuant to section 501(d)(3). See *id.* § 501(d)(3).

¶ 16        Ciesla Beeler counters that the Act expressly authorizes a trial court to enter judgment on an attorney fees award. Indeed, section 508(a) provides, in pertinent part:

> "The court may order that the award of attorney's fees and costs (including an interim or contribution award) shall be paid directly to the attorney, who may enforce the order in his or her name, or that it shall be paid to the appropriate party. *Judgment may be entered and enforcement had accordingly*." (Emphasis added.) *Id.* § 508(a).

Ciesla Beeler asserts that the trial court properly entered an interim award of attorney fees pursuant to section 501(c-1) and converted that order to a judgment in accordance with its authority under section 508(a).

¶ 17        Ciesla Beeler further points out that the trial court entered this judgment because respondent had failed to comply with the April 30, 2018, order directing him to pay fees in the amount of $7500 to Ciesla Beeler. The trial court stated:

> "[Respondent's] counsel has acknowledged that [respondent] did not comply with the order of [the] court within 30 days or since. The Court notes that it was an interim award of fees, but the Court also notes that if [respondent] had complied as he was ordered to do, the amount he would have paid would not have been refundable to him upon the filing and granting of a motion to dismiss. He should not derive personal benefit from defying an order of court and then moving subsequently to dismiss the case to escape liability."

Initially, we note that the trial court's rationale was eminently reasonable. At the very least, a reasonable person could agree that respondent should not be allowed to escape liability for a previously established obligation through such a procedural maneuver. In other words, no abuse of discretion occurred here.

¶ 18        We further hold that this judgment did not terminate in accordance with section 501(c-1)(2), (d)(3) (*id.* § 501(c-1)(2), (d)(3)), as respondent argues. Quite simply, the interim award had been converted to a judgment prior to the dismissal of the case. That is, there was no temporary order to expire. By its own terms, section 501(d) applies to "temporary orders" rather than judgments. A court may not extend a statute beyond the scope of its plain language. See *Maddux v. Blagojevich*, 233 Ill. 2d 508, 517 (2009) ("Yet, adding language is exactly what the Attorney General's construction does. The Act says nothing about retention or about the ability to avoid permanent retirement by simply running in an open election. It provides only that a judge is automatically retired at the end of the term in which he turns 75.").

¶ 19        In sum, we reject respondent's argument that section 501 compels a different result here.

¶ 20                            B. IMPERMISSIBLE CONDITIONS

¶ 21        Respondent next argues that the trial court's entry of the judgment against him "placed an impermissible condition on [the parties'] absolute right to jointly dismiss their respective petitions for dissolution of marriage." We again note that petitioner is not a party to this appeal. Moreover, the judgment was entered against only respondent, and the case was, in fact, dismissed, so petitioner has no adverse judgment to appeal. Hence, we are concerned only with respondent's right to dismiss his counterpetition.

¶ 22        Respondent points out that, although a dismissal under section 2-1009 of the Civil Practice Law may be made conditional upon the payment of costs, attorney fees do not generally fall within the ambit of "costs." See *Bergman v. Schlundt*, 163 Ill. App. 3d 1070, 1073 (1987);

*People ex rel. Morris v. Etchason*, 152 Ill. App. 3d 409, 413 (1987); see also *Vicencio v. Lincoln-Way Builders, Inc.*, 204 Ill. 2d 295, 302 (2003) (distinguishing between court costs, such as filing fees, and litigation expenses, like a witness's fee for a deposition). Although we have no quarrel with this proposition, we fail to see—and respondent does not adequately explain—how the entry of the judgment against respondent placed a condition on the dismissal, impermissible or otherwise. The case was, in fact, dismissed, and the entry of the judgment did not require respondent to do anything to secure dismissal. The trial court could have, pursuant to section 508(a) of the Act (750 ILCS 5/508(a) (West 2018)), entered the judgment regardless of whether the case was dismissed. Respondent's conclusory assertion that "the lower trial court placed an impermissible condition on the [parties'] absolute right to dismiss" does not persuade us otherwise.

¶ 23 Respondent relies on *In re Marriage of Manns*, 222 Ill. App. 3d 338 (1991), in support of his position. In that case, the parties were engaged in various commercial enterprises. The respondent sought reimbursement of $160,000, which he alleged he had paid toward the parties' 1989 estimated joint income tax. On June 12, 1990, the trial court granted the respondent's request, ordering the petitioner to pay the respondent $111,191.17 within three days. On June 15, 1990, the petitioner moved to voluntarily dismiss the cause of action. The trial court granted the petitioner's motion that same day; however, it vacated its order later that day after it learned of a defect in the notice provided to the respondent. On June 19, 1990, the respondent filed a rule to show cause regarding the petitioner's failure to comply with the June 12 order. On July 3, 1990, the trial court again granted the petitioner's motion to voluntarily dismiss. It stated, " '[Petitioner's] Motion for Dismissal cannot be allowed to interfere with the effect of the Court's previous Order as this would prejudice the rights of the Respondent and allow the Petitioner to use the voluntary dismissal for the sole purpose of avoiding an unfavorable order.' " *Id.* at 340-41. It therefore retained jurisdiction for the purpose of enforcing the June 12 order and set a hearing regarding the respondent's rule to show cause. *Id.* at 341. The reviewing court held that the trial court had improperly imposed a condition on the petitioner's right to voluntarily dismiss her case by requiring her to comply with the June 12 order. *Id.* at 344.

¶ 24 Unlike in *Manns*, in this case, the trial court did not retain jurisdiction over any portion of the case. The case was dismissed in its entirety. The trial court did not require respondent to satisfy the judgment in order to obtain the dismissal; it simply entered the judgment and left it to be enforced in whatever further proceedings may be necessary. Thus, M*anns* is plainly distinguishable.

¶ 25 In short, the entry of the judgment against respondent did not place any condition on the dismissal. The trial court did not abuse its discretion in entering the judgment on the interim award of attorney fees.

¶ 26                                    C. CONFLICT OF INTEREST

¶ 27 Respondent finally argues that "the trial court erred in allowing Ciesla Beeler, LLC to argue their position to collect attorney's fees in that Ciesla Beeler, LLC [was] in conflict with their client's instruction and Ciesla Beeler, LLC had other remedies available to [it]." (Emphasis omitted.) On appeal, "[a] party must assert its own legal rights and interests, rather than assert a claim for relief based upon the rights of third parties." *Powell v. Dean Foods Co.*, 2012 IL

111714, ¶ 36. This is known as standing. See *id.* Additionally, "one who has obtained by judgment all that has been asked for in the trial court cannot appeal from the judgment." *Id.*

¶ 28 Respondent contends that Ciesla Beeler was operating under a conflict of interest in that, although Ciesla Beeler had represented petitioner, it nevertheless disregarded her instructions to dismiss the case and pursued its own interest in recovering fees from respondent. Respondent contends that Ciesla Beeler's conflict of interest "had an 'adverse effect' [*sic*] on the representation of its client." Of course, "its client" was not respondent. Respondent does not explain why he should be allowed to assert a claim that is unique to petitioner. Notably, petitioner's petition for dissolution was, in fact, dismissed, so she obtained the result she desired and was in no position to appeal. See *id.* Moreover, the sole point of contention in this appeal is the entry of the $7500 judgment against respondent, not petitioner. If anything, this judgment benefitted petitioner because, if respondent were not required to pay these fees, Ciesla Beeler would likely be looking to petitioner to satisfy them. Thus, vacating the judgment, based on a purported error that was petitioner's to raise or abandon, actually could be adverse to petitioner.

¶ 29 Under these circumstances, respondent lacks standing to advance an argument that belongs to petitioner.

¶ 30                                      IV. CONCLUSION

¶ 31 In light of the foregoing, the judgment of the circuit court of Lake County is affirmed.

¶ 32 Affirmed.