NOTICE

Decision filed 04/28/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250754-U

NO. 5-25-0754

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ASSOCIATED BANK, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Monroe County. |
| | ) | |
| v. | ) | No. 24-FC-3 |
| | ) | |
| JAMES L. BREIDECKER; MONICA M. BREIDECKER; | ) | |
| ASSOCIATED BANK, N.A.; MERS, MORTGAGE | ) | |
| ELECTRONIC REGISTRATION SYSTEMS, INC., | ) | |
| as Nominee for Equity One Mortgage; and EQUITY | ) | |
| ONE MORTGAGE, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (James L. Breidecker and Monica M. Breidecker, | ) | Lucas H. Liefer, |
| Defendants-Appellants). | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices McHaney and Hackett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in denying the defendants' motion to stay foreclosure sale and motion to vacate default judgment, or in entering default judgment against the defendants. The circuit court also had the authority to require in-person hearings and to require the defendants to seek leave of court prior to filing any pleadings.

¶ 2    The defendants, James and Monica Breidecker,[1] appeal *pro se* from multiple orders of the

Monroe County circuit court denying their emergency motion to stay foreclosure sale and motion

_____

[1]We refer to the defendants collectively as "the defendants"; we refer to the individual defendants as "James" and "Monica" to avoid confusion due to the defendants' sharing a surname.

1

to vacate default, and entering default judgment against them. They also argue that the circuit court improperly mandated in-person hearings and required the defendants to seek leave of court before filing anything in the case. For the reasons explained below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      This matter arises from a mortgage foreclosure action commenced on January 19, 2024, by the plaintiff, Associated Bank, N.A., filing a complaint for mortgage foreclosure against the defendants.[2] The plaintiff included a copy of the mortgage and note, which identified James as the borrower and the plaintiff as the lender. Both James and Monica signed the mortgage, and only James signed the note. The complaint alleged that the defendants were in default pursuant to the terms of the mortgage and note. Both defendants were personally served with summons on May 3, 2024. The circuit court scheduled a remote case management conference for July 15, 2024.

¶ 5      On June 3, 2024, Monica filed an appearance and motion for extension of time to answer.[3] She did not file a notice of motion, and did not schedule the motion for presentment to the circuit court. At the July 15, 2024, remote hearing, the circuit court acknowledged Monica's request for an extension of time, and noted that the defendants did not appear. The court continued the matter for a remote hearing on September 16, 2024. On that date, the defendants again did not appear, but Monica filed a second motion for extension of time to answer. She again did not file a notice of motion or schedule the motion for presentment. The circuit court set the matter for an in-person hearing on the plaintiff's motion for judgment on October 21, 2024.

_____

[2]The other named defendants are not parties to the appeal, and we therefore discuss only the Breidecker defendants.

[3]James never filed an appearance and did not participate in the underlying case. The pleadings that the defendants filed come from Monica. However, as both defendants are parties to the appeal and the distinction does not impact our analysis or decision, we may refer to Monica's filings as, *e.g.*, "the defendants' motion," for the sake of simplicity.

¶ 6     On October 9, 2024, the plaintiff filed motions for default judgment against all defendants and a motion for judgment of foreclosure sale, which it set for hearing on the October 21, 2024, date scheduled by the circuit court. The defendants were served with the notice of the hearing and copies of the filings. On the date of the hearing, the defendants did not appear, but Monica filed a notice of removal, seeking to remove the matter to federal court. The circuit court granted the plaintiff's request for a continuance to respond to this motion.

¶ 7     After filing its objection to Monica's motion for removal, the plaintiff filed a notice of hearing for its motions for default and for judgment of foreclosure sale, setting them for November 25, 2024. On November 22, 2024, Monica filed a pleading entitled "Verified Objection to Personal Jurisdiction, Petition to Quash Service and Abate the Action." No notice of motion was filed and she did not schedule the petition for presentment. The defendants did not appear at the November 25, 2024, hearing, and the circuit court set a new hearing date of January 27, 2025.

¶ 8     On the date of the hearing, Monica filed her third motion for extension of time to respond to the complaint, again without filing a notice of motion or scheduling it for presentment. The defendants did not appear in court on that date. Nor did they appear at the next in-person status hearing on March 3, 2025. The plaintiff sent notice to the defendants that it would again present its motions for default and judgment of foreclosure and sale at the in-person hearing the circuit court had scheduled for April 28, 2025. The defendants did not appear at the hearing.

¶ 9     The circuit court entered an order allowing the plaintiff time to respond to the defendants' outstanding motions, and for the defendants to reply in support of their motions. The court set the matter for hearing on June 2, 2025, and wrote that the defendants' failure to appear would result in their forfeiture of all outstanding motions, and that the matter would be set for hearing on the plaintiff's motions for default and judgment of foreclosure and sale on the same date. Monica again

3

filed her objections and petition in a pleading entitled, "Renewed Objections and Petition in Abatement," as well as a "Memorandum of Law in Support of Respondent's Objection to Personal Jurisdiction." She also filed a motion to vacate the June 2, 2025, hearing date.

¶ 10 The defendants did not appear at the June 2, 2025, hearing. The circuit court entered an order stating that it had reviewed all of the defendants' motions, and the motions were denied. The court further wrote that, as per its April 28, 2025, order, the defendants' failure to appear "results in a forfeiture of all outstanding Motions," and thus the motions were denied on that basis as well. The court set the matter for hearing on the plaintiff's motions on June 16, 2025, writing that in-person attendance was required. The plaintiff sent all defendants a notice of the hearing on its motions on June 9, 2025.

¶ 11 Monica again filed her objections to the complaint, petition in abatement, and objection to personal jurisdiction on June 12, 2025. She also filed a motion to vacate the June 2, 2025, hearing on the basis that the circuit court lacked personal jurisdiction over her. The plaintiff filed a response to Monica's objections and petition, and requested in that response that the circuit court require the defendants to obtain leave of court before submitting any future filings. The defendants did not appear at the June 16, 2025, hearing, and the circuit court denied Monica's "renewed" objections and petition. The circuit court also granted the plaintiff's request that the defendants must seek leave of court to file any further pleadings.

¶ 12 On June 16, 2025, the circuit court also entered an order of default against all defendants and entered a judgment of foreclosure and sale. Pursuant to the judgment, the defendants were given until September 16, 2025, to redeem the mortgage, after which time the plaintiff could proceed with the sale. Notice was sent to the defendants at the address of the property in question.

¶ 13    On July 1, 2025, Monica filed a motion to vacate the default judgment and included a notice of motion. The notice did not contain a date or time for the presentment of her motion. Additionally, she did not seek leave of court to file the motion. The circuit court *sua sponte* entered an order allowing the plaintiff time to file a response, and set the matter for an in-person hearing on August 4, 2025. The court wrote that the defendants' failure to appear would result in the forfeiture of the motion to vacate. The defendants did not appear at the hearing, and the circuit court denied their motion. A notice of sale was sent to the defendants at the property address and to Monica's email address, informing them that the property was scheduled to be sold on September 17, 2025.

¶ 14    On September 11, 2025, both defendants filed, without leave of court, a motion to vacate the default judgment and a motion to stay the foreclosure sale. While the defendants filed notices for both motions, neither included hearing dates, and no hearing was ever held on the motions. On September 15, 2025, the circuit court entered an order denying the defendants' motion to stay the sale, writing that, upon review, the motion did not "contain allegations that the Court deems appropriate to stay the sale or grant a hearing on an emergency basis." Thus, the court stated that the sale would proceed. The court further wrote that any further motions filed by the defendants "shall be set and noticed up upon notice of a motion to confirm sale."

¶ 15    On September 17, 2025, the defendants, without leave of court, again filed a motion to stay the foreclosure sale. The defendants filed a notice of appeal on the same day.

¶ 16                                        II. ANALYSIS

¶ 17    The defendants raise four primary issues on appeal. First, they argue that the circuit court erred by denying Monica's emergency motion to stay the foreclosure sale and motion to vacate the default judgment without a hearing. Second, they argue that the circuit court improperly

5

mandated in-person hearings despite the defendants' requests to appear remotely. Third, the defendants contend that the circuit court prevented them from having a hearing on the motion to stay the sale by making "baseless criminal accusations" against Monica in the judge's recusal order and by enjoining the defendants from communicating with the court. Lastly, the defendants allege that the circuit court, by entering default judgment against them, deprived the defendants of the opportunity to file answers and defend their property rights. In addition to these arguments, which are listed in the defendants' brief on appeal as the issues presented for review, the defendants include numerous other allegations and contentions that are not included in this section, that are not supported by facts and/or law, and are raised for the first time on appeal in either their opening or reply briefs. We address these additional arguments at the end of our discussion.

¶ 18                          A. The Defendants' Brief on Appeal

¶ 19     We initially note the plaintiff's arguments regarding the defendants' appellant's brief. The plaintiff contends that the brief should be stricken for failure to comply with Illinois Supreme Court Rules 341(h)(1)-(3), 341(h)(6)-(9), and 342. Rule 341(h) governs the form and content of the appellant's brief. Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). Our supreme court rules "are not advisory suggestions, but rules to be followed." *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. We recognize that the defendants are proceeding *pro se* on this appeal. However, their *pro se* status does not relieve them of the burden of complying with the court's rules. *Id.* When an appellant's brief does not follow those rules, we have the inherent authority to dismiss the appeal. *Id.* Furthermore, when the brief contains numerous violations of Rule 341, such that the violations impede our review of the case, we may strike the brief. *Tirado v. Slavin*, 2019 IL App (1st) 181705, ¶ 39.

¶ 20 Paragraph (h)(1) of Rule 341 first requires that the brief contain a table of contents listing the points argued and authorities cited, along with the page numbers where they may be found. Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020). While the defendants do include a table of contents, it only lists the headings and page numbers for the various sections of their brief, and includes neither points nor authorities. While improper, this alone does not impede our review on appeal.

¶ 21 Next, the brief must include an introductory paragraph stating the nature of the action, the judgment appealed from, whether the judgment is based on a jury verdict, whether any question is raised on the pleadings, and, if so, the nature of the question. Ill. S. Ct. R. 341(h)(2) (eff. Oct. 1, 2020). The defendants' introductory paragraph identifies the underlying case as a foreclosure matter, and the defendants state that a question is raised on the pleadings. However, their introductory paragraph does not discuss the judgment appealed from, and instead includes argument regarding an alleged "break in chain of title" of the mortgage at issue. We cannot consider this improperly-inserted argument, and thus disregard this portion of the defendants' brief on appeal.

¶ 22 Rule 341 further provides that the appellant's brief must include a statement of the issues presented for review, with the applicable standard of review for each issue. Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). The defendants include several quotations from various cases under the heading "Standard of Review," without identifying which of their four listed issues on appeal correspond to which standard. However, we find that we are able to review the appeal under the appropriate standards despite this oversight.

¶ 23 An appellant's brief must also include a statement of facts, containing the facts "necessary to an understanding of the case, stated accurately and fairly without argument or comment, and

with appropriate reference to the pages in the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). The defendants' statement of facts includes argument, which we disregard in our review.

¶ 24    Next, Rule 341(h) requires that an appellant's brief provide an argument section, containing "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). We agree with the plaintiff's assertion that the defendants' arguments and citations to caselaw are poorly organized and occasionally confusing to follow. We note that a reviewing court "is not a depository in which the burden of argument and research may be dumped." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80. However, we decline to strike this portion of the defendants' brief.

¶ 25    Rule 341(h)(8) requires "[a] short conclusion stating the precise relief sought." Ill. S. Ct. R. 341(h)(8) (eff. Oct. 1, 2020). The defendants' conclusion is overly long and includes new arguments not discussed in the argument section of their brief. As with the defendants' other improperly-placed arguments, we disregard these as well.

¶ 26    Lastly, Rule 341(h)(9) states that the appellant's brief shall contain an appendix as required by Rule 342. Ill. S. Ct. R. 341(h)(9) (eff. Oct. 1, 2020). Rule 342 provides that the appellant's brief shall include an appendix with a table of contents and page numbers of the record on appeal. Ill. S. Ct. R. 342 (eff. Oct. 1, 2019). In lieu of an appendix and table of contents, the defendants filed numerous individual exhibits. These include exhibits that are not part of the record on appeal. We will not review any such documents in our analysis. Having disregarded the various improper portions of the defendants' appellant's brief, we find that we are left with sufficient guidance to conduct a review of their remaining arguments on appeal.

¶ 27                                B. In-Person Hearings

¶ 28    We first briefly address the defendants' argument that the circuit court lacked the authority to require their in-person presence at hearings. Illinois Supreme Court Rule 45 governs remote appearances in circuit court proceedings. The rule provides, in relevant part, that a judge presiding over a case

> "in which the option to appear remotely without any advance approval is permitted may, in the exercise of the judge's discretion, require a case participant to attend a court proceeding in person for reasons particular to the specific case, including the failure of a case participant to follow applicable standards of decorum. When exercising such discretion, the judge shall inform case participants on the record if they are required to attend a future court proceeding in person." Ill. S. Ct. R. 45(b)(1) (eff. Jan. 1, 2023).

Furthermore, 24th Judicial Circuit Court Rule 4-4 states that remote appearances "shall be allowed only by the Assigned Judge at his or her discretion unless otherwise ordered under Illinois Supreme Court Rules." 24th Judicial Cir. Ct. R. 4-4 (Dec. 5, 2022). To request a remote appearance under local rule 4-4, "[a] formal request for remote appearance must be made in writing five (5) working days before the scheduled hearing with notice to the opposing party." 24th Judicial Cir. Ct. R. 4-4(a)(1).

¶ 29    Thus, under both our supreme court's rules and the local rules applicable in Monroe County, the circuit court has the discretion to require in-person attendance at a hearing and to reject requests to appear remotely. When we consider whether the circuit court abused its discretion, we apply the most deferential standard of review. *Pierce v. Cherukuri*, 2022 IL App (1st) 210339, ¶ 19. An abuse of discretion occurs only if no reasonable person could agree with the circuit court. *In re Marriage of Keller*, 2020 IL App (2d) 180960, ¶ 11.

¶ 30    We find nothing in the record or in the defendants' arguments on appeal that would support the conclusion that the circuit court abused its discretion here. Additionally, the record does not show that the defendants ever made a formal, written request to appear remotely and notified

9

plaintiff of said request. Therefore, there is no basis for the defendants' argument that they were deprived of the opportunity to be heard, when they did not follow the correct procedure to request remote appearances.

¶ 31                           C. Leave of Court Before Filing Pleadings

¶ 32    Relatedly, the circuit court was authorized to require the defendants to seek leave of court prior to filing any pleadings in the underlying case. A trial court "possesses the inherent authority to control its own docket and the course of litigation, including the authority to prevent undue delays in the disposition of cases caused by abuses of the litigation process." *J.S.A. v. M.H.*, 224 Ill. 2d 182, 196 (2007).

¶ 33    Here, the circuit court wrote in its June 16, 2025, order that, "[d]ue to Defendants' failure to appear in court and present Motions filed in this matter, before Defendants file any further pleadings in this matter, they shall obtain leave of Court." In the same order, the court discussed its prior admonishment of the defendants, when it stated in its April 28, 2025, order that the defendants' failure to appear at the hearing scheduled for their outstanding motions would result in forfeiture of all outstanding motions. When the defendants failed to appear at the June 2, 2025, hearing, the circuit court denied the outstanding motions and set the matter for hearing on the plaintiff's motion for default.

¶ 34    Instead of appearing at the June 16, 2025, hearing on the plaintiff's motion for default and for judgment of foreclosure and sale, Monica refiled a pleading upon which the circuit court had already ruled. It was only after the defendants had demonstrated a pattern of filing repetitive motions and failing to appear in court throughout their approximately year-long involvement in the case that the circuit court ordered that the defendants seek leave of court before filing any further pleadings. The defendants also filed several motions on the morning of a hearing, and never

10

properly scheduled their motions for hearing. When the circuit court allowed for the defendants' motions to be heard despite the defects in their filing, the defendants would fail to appear.

¶ 35    The defendants' repeated filing of motions that they made little effort to pursue supports a finding that the circuit court imposed the leave-of-court requirement to prevent the defendants from continuing to cause delays in the litigation. Thus, we determine that the circuit court acted within its inherent authority to control its docket by including this provision in its June 16, 2025, order.

¶ 36                              D. Motion to Stay Foreclosure Sale

¶ 37    The defendants filed their motion to stay the foreclosure sale on September 11, 2025, after the circuit court's order requiring them to obtain leave of court prior to any filings. The record shows that they did not request leave to file this motion. Moreover, their notice of motion did not set a hearing date to present their motion to the circuit court. See 24th Judicial Cir. Ct. R. 5-1(a), (b) (Dec. 5, 2022) (stating that a notice of motion is required and shall include the date and time when the motion will be presented). Despite these defects, the circuit court reviewed the defendants' motion, and ruled on it without a hearing. The circuit court stated in its September 15, 2025, order that the motion did not contain allegations that the court "deemed appropriate to stay the sale or grant a hearing on an emergency basis."

¶ 38    We review the circuit court's denial of a motion to stay for an abuse of discretion. *Pekin Insurance Co. v. Johnson-Downs Construction, Inc.*, 2017 IL App (3d) 160601, ¶ 10. Here, the defendants' motion to stay consisted of various unclear citations to statutes and unsupported allegations denying, *inter alia*, the existence of the mortgage and the validity of the plaintiff's complaint. The defendants also attached affidavits from both of them, in which they explained how they used the property in question and further alleged that the plaintiff's complaint was

11

fraudulent. On appeal, the defendants do not directly address the circuit court's denial of their motion to stay, and do not provide support for any argument they may have as to why the court's decision was in error. We find no basis in the record to disturb the circuit court's decision, and we conclude that the circuit court did not abuse its discretion in denying this motion.

¶ 39                                    E. Default Judgment

¶ 40    Defendants next challenge the circuit court's entry of default judgment against them, as well as its denial of their motion to vacate the default judgment. If a defendant "is served with process and fails to enter an appearance, file pleadings or make any other response to plaintiff's complaint, the plaintiff may move for entry of a default judgment pursuant to section 2-1301 of the Code [of Civil Procedure]." *American Service Insurance Co. v. City of Chicago*, 404 Ill. App. 3d 769, 778 (2010); 735 ILCS 5/2-1301 (West 2024). Judgment by default "may be entered for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought." 735 ILCS 5/2-1301(d) (West 2024). An order of default "is within the sound discretion of the circuit court to enter." *CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶ 22.

¶ 41    In the present case, the plaintiff filed its complaint on January 19, 2024. The record shows that both defendants were personally served with process on May 3, 2024. Monica filed an appearance and a motion for an extension of time to answer on June 3, 2024. She did not file a notice of motion or schedule a date to present her motion, and she failed to appear on either the date of the next case management conference or the September 16, 2024, date that the court set for a remote hearing on her motion. James never filed an appearance, and neither defendant ever filed a response to the complaint. The plaintiff filed a motion for default judgment on October 9, 2024, and the record shows that the defendants were properly served with notice and a copy of the filings.

12

¶ 42    The hearing date for the plaintiff's motion was continued several times, due to Monica's filing of various motions prior to each new hearing date. The defendants never appeared for these hearing dates, and Monica never scheduled her motions for hearing. On April 28, 2025, the circuit court entered an order notifying the defendants that if they failed to appear again, they would forfeit all outstanding motions and the matter would be set for a hearing on the plaintiff's motion for default and motion for judgment of foreclosure and sale. The defendants were again served with notice and a copy of the plaintiff's motions prior to the new hearing date of June 16, 2025. The defendants did not appear, and the circuit court entered default judgment against them the same day, as well as a judgment of foreclosure and sale.

¶ 43    On appeal, the defendants do not identify any error in the circuit court's entry of default judgment, which was done in accordance with section 2-1301 of the Code of Civil Procedure. We further recognize that the circuit court has discretion to enter an order of default, and we find that it did not abuse that discretion here.

¶ 44                    F. Motion to Vacate Default Judgment

¶ 45    The defendants filed four motions to vacate default judgment in this matter, all of which were filed prior to an order confirming the foreclosure sale. See *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 12 (stating that in a mortgage foreclosure case, the final order is the order confirming the sale). The circuit court "may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2024).

¶ 46    Our supreme court has explained that "a liberal policy exists with respect to vacating defaults under section 2-1301(e)." *McCluskey*, 2013 IL 115469, ¶ 16. The overriding question for

13

the circuit court to consider is whether " 'substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits.' " *Id.* (quoting *In re Haley D.*, 2011 IL 110886, ¶ 69). Although the party seeking vacatur is not required to show a meritorious defense or a reasonable excuse for failing to timely assert said defense, such factors are relevant to the court's determination. *Id.* Substantial justice is determined on a case-by-case basis, rather than by "a hard and fast rule applicable to all situations." *Id.* (quoting *Widucus v. Southwestern Electric Cooperative, Inc.*, 26 Ill. App. 2d 102, 109 (1960)).

¶ 47　　The defendants' motions did not include dates and times for the presentment of each motion. Furthermore, each was filed after the circuit court's June 16, 2025, order requiring the defendants to seek leave of court prior to filing any further pleadings. The defendants neither sought nor obtained such leave. The circuit court was therefore not obligated to consider their arguments. Regardless, the circuit court indicated in a July 10, 2025, order that it would consider the defendants' motion to vacate. However, the court wrote that if the defendants failed to appear in person at the status hearing set for August 4, 2025, they would forfeit their motion. Although the defendants stated in their motion that the distance to the courthouse prevented them from appearing in person, they did not seek to request to appear remotely. Nor did they appear at either remote hearing that the circuit court held at the start of the case.

¶ 48　　The defendants failed to attend the status hearing, and the circuit court denied their motion. The circuit court did not consider the defendants' second or third motions to vacate, which also suffered from the defects described above. The defendants filed their fourth motion to vacate on the same date as their notice of appeal.

¶ 49　　Given the defendants' disregard for the circuit court's orders and the local rules, as well as the lack of any well-pled argument from the defendants as to why the court should have vacated

14

the default judgment, we find that the circuit court did not abuse its discretion in denying the defendants' motions. Furthermore, there is no indication that substantial justice was not done in this case, as the circuit court offered the defendants ample opportunity to present their arguments. We therefore conclude that the circuit court's denial of vacatur was proper.

¶ 50                    G. The Defendants' Forfeited Arguments

¶ 51    The defendants also bring a number of arguments on appeal that they never raised before the circuit court. It is well-settled that issues raised for the first time on appeal and not previously raised in the lower court are waived or forfeited. See *Moore v. Board of Education of City of Chicago*, 2016 IL App (1st) 133148, ¶ 35. We therefore will not consider these arguments. However, we note that, in addition to being raised for the first time on appeal, these arguments also lack any basis in law and/or fact. See *In re Estate of Doyle*, 362 Ill. App. 3d 293, 301 (2005) ("a court of review is entitled to have issues clearly defined with pertinent authority cited and coherent arguments presented or the inadequately presented argument is deemed forfeited"). These arguments include the following: (1) that the plaintiff's complaint does not state a claim for foreclosure because the complaint was not verified; (2) that the pleadings show a break in chain of title; (3) that the notary acknowledgement on the mortgage is defective because it does not state how it identified the signatories; and (4) that the plaintiff committed fraud on the court by filing an allegedly improper complaint that included an allegation that there was a prior mortgage on the property that the plaintiff claimed was satisfied.

¶ 52    Additionally, the defendants untimely filed a reply brief in this matter, in which they bring several new arguments that did not appear in their opening brief. Arguments on appeal must be raised in the appellant's opening brief, and cannot be brought for the first time in a reply brief. See *In re Marriage of Winter*, 2013 IL App (1st) 112836, ¶ 29; see also Ill. S. Ct. R. 341(h)(7) (eff.

15

Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief ***."). Due to both the untimeliness of the defendants' filing and their failure to raise these arguments in their opening brief, the defendants have forfeited these issues and we need not address them here.

¶ 53                                    III. CONCLUSION

¶ 54    For the reasons stated, the circuit court did not err in denying the defendants' motion to stay the foreclosure sale and motion to vacate default judgment, or in entering default judgment against the defendants. The judgment of the circuit court is affirmed.


¶ 55    Affirmed.